JULIA CHANLER, Respondent, *v.* ROBERT W. CHANLER, Appellant.

First Department, July 14, 1922.

**Husband and wife — separation — agreement provided that husband pay stipulated amount to wife for support, maintenance and education of minor child — so much of amount as was not necessary to support child was to be accumulated and paid to her on reaching majority — husband not bound to continue payment to wife on account of child after child reaches majority.**

A husband is not obligated to pay to his wife under a separation agreement the amount stipulated therein for the support and education of a minor child after said child reaches her majority, where the agreement provides that he is to set aside and allow for the support, maintenance and education of the minor child

a stipulated sum which is to be paid to the wife; that in case the full amount is not needed to support and educate the child, the balance shall be accumulated and paid to the child on her reaching the age of twenty-one years.

APPEAL by the defendant, Robert W. Chanler, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 7th day of January, 1922, upon the verdict of a jury rendered by direction of the court pursuant to a stipulation between the parties by which it was agreed that the court might direct a judgment to be entered with the same force and effect as if a verdict were directed.

*Franklin F. Russell,* of counsel, for the appellant.

*Guggenheimer, Untermyer & Marshall* [*Edward A. Kenney* of counsel; *Alvin Untermyer* and *Laurence A. Steinhardt* with him on the brief], for the respondent.

LAUGHLIN, J.:

The facts are uncontroverted. The point presented by the appeal involves the construction of a separation agreement made between the parties on the 17th day of April, 1907. They then were and, so far as shown by the record, still are husband and wife, but living apart. The precise point is whether the provision in such agreement for quarter-annual payments to be made to the plaintiff for the support, maintenance and education of their two daughters imposes an obligation upon the defendant to continue to make such payments after the daughters have attained their majority. The separation agreement obligates the defendant to pay to the plaintiff " until her death or remarriage " the sum of $10,000 per annum in equal quarterly payments; and he thereby further agreed " to set aside and allow for the support, maintenance, and education of each of his children, Dorothy Chanler and Julia Chanler, the sum of Five Thousand Dollars ($5,000) per annum, and to pay the same to said Julia Chanler, for the said purpose only, in equal quarterly payments on the first days of March, June, September, and December in each year, subject to the conditions set forth " in the 3d paragraph of the agreement. Dorothy was then about nine years of age and attained her majority on the 24th of November, 1919; and Julia was a few years younger and is still a minor. Dorothy is unmarried and has no employment and has never been trained to earn her own living and is dependent wholly upon her father for support. The separation agreement gave the mother the exclusive care and custody of Dorothy from the first of October each year to the thirtieth of June thereafter, and of Julia from the first of October to the first of April thereafter; and gave the father their care and custody at other times. It also

provided that the traveling expenses and the expenses of necessary attendants should be paid by the party to whom the children were going at any time under the agreement, and that the father might deduct from the money set aside for the support, maintenance and education of the children the amount actually expended by him for their support, maintenance and education while with him, but that, in any event, plaintiff should receive as a minimum payment on account of Dorothy the sum of $3,750 per annum, and on account of Julia $2,500 per annum. The mother agreed to use the moneys received by her for the respective children, or so much thereof as might be necessary, to support, maintain and educate them; and that on the first days of October and April, each year, she would render to the defendant an accounting of her receipts and expenditures for the support, maintenance and education of each of the children; and that, in the event that the amounts so expended should be less than the amount received, she would pay over the surplus to a trust company, to be designated by the defendant, within thirty days after the expiration of the year; and it was provided that such surplus and the income thereon should be accumulated and paid to the child for whose account the deposit was made, on her attaining the age of twenty-one years; and that, in the event that either child should die before attaining her majority, any balance so on deposit to her credit should be transferred to the account of the survivor; and, in the event that plaintiff failed to make the deposits as agreed, the amount thereof, at the option of the defendant, might be considered a payment on account of his obligation to make payments to the plaintiff for her own account. It was expressly provided that the plaintiff accepted the agreement and the provisions there made " in lieu of any direction or provisions for the support, maintenance, education or otherwise of herself, or of her said children, which may be made by or contained in any will or other instrument or in or by any order or decree in any action or proceeding heretofore or hereafter made, and in lieu of her dower or right of dower in any and all real estate of the said Robert W. Chanler, whether " then owned or possessed by him or thereafter acquired, and wheresoever situated.

For several months prior to the 17th of June, 1921, Dorothy was residing with her father and has continued to live with him since, and has been and still is receiving a regular allowance from him. On the last-mentioned date, at the request of her father, she executed and acknowledged in consideration of natural love and affection and of one dollar a general release to him. The release contains no reference to the provisions of the separation agreement or to any other obligation on the part of the defendant to her or

for her benefit. This was executed to enable her father to use it in his defense of this action, and it was agreed that it was not to be binding on her for any other purpose. Dorothy is not now and has not been since July 1, 1919, in attendance at any institution of learning.

Plaintiff contends that without regard to the wishes, desires or election of the defendant or of Dorothy, she is entitled by virtue of the separation agreement to continue to receive for Dorothy's account $5,000 per annum. The defendant contends that the separation agreement should be construed as obligating him only to make those payments during Dorothy's minority. If plaintiff's contention be sustained, it necessarily follows, notwithstanding the fact that Dorothy has attained her majority and has elected to live with her father, that the plaintiff is entitled to receive the payments and to use the same in her discretion in supporting and maintaining Dorothy, and that it was not competent for Dorothy to release her father from this obligation to make payments to her mother for her benefit. I am of opinion that these contentions are unsound and that the defendant was only obligated to make payments to his wife for the benefit of Dorothy during her minority. That construction is supported by the fact that the provisions were made not merely for the support and maintenance but for the education of the children, which ordinarily would relate to the period of minority, and by the provisions entitling the children on respectively attaining majority to receive directly any fund accumulated under the agreement for their benefit respectively, and by the general law under which the obligations of the parent to support, maintain and educate a child terminate upon the child's attaining majority with the exception of certain obligations imposed by statute when the child has become or is liable to become a public charge, which have no bearing on this case.

It is conceded that the defendant is in arrears under his obligations to the plaintiff, aside from this point, to the extent of $1,300 only. I am of opinion that the plaintiff was only entitled to judgment for $1,300 and interest thereon from the 30th of April, 1920. The judgment should, therefore, be modified accordingly, and as modified affirmed, without costs.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Judgment modified as directed in opinion and as modified affirmed, without costs. Settle order on notice.