Emiline M. A. Halsted, Respondent, *v.* Ashton B. Halsted, Appellant.

Second Department, February 7, 1930.

*Louis A. Brown,* for the appellant.

*Samuel Schenberg,* for the respondent.

Carswell, J. The plaintiff obtained a judgment of separation from the defendant on November 20, 1925. The judgment required the defendant to pay the plaintiff wife " for her support and maintenance and the support and maintenance of said two children " the sum of eighty dollars per month. The custody of the two children, girl twins, was given to the plaintiff.

On September 12, 1929, these twins reached their majority. The defendant moved, pursuant to the judgment, for a modification thereof, so as to eliminate from the amount required to be paid so much thereof as represented support for these now adult children.

At the time the eighty dollars payment was fixed, on November 20, 1925, and prior thereto, the plaintiff was earning one hundred dollars a month. The trial court fixed the allowance of eighty dollars for the plaintiff and the two children with that element before it, and also the then earnings and income of the defendant. Plaintiff acquiesced in the amount fixed, under the conditions then existing.

The defendant claims that he lost the position he had when the judgment was made and that his new position now yields him but seventy dollars a month, and he asserts that he has been unable to get any better position despite attempts to do so. In cases of

this sort, husbands almost invariably take a pessimistic view of their earnings by way of moderating or avoiding the burden of their marital obligations.

The plaintiff does not show that the defendant's income is greater now than it was at the time the judgment was made. Plaintiff's earnings, however, have increased to an amount in excess of one hundred and twenty-five dollars per month. There is before us, therefore, no question as to whether or not there has been, since the entry of the judgment, such a change in defendant's earnings as would render inadequate that part of the eighty dollars allowance intended for the plaintiff's support. The sole question is whether or not the defendant is entitled as a matter of law to be relieved from so much of that eighty dollars per month as represents his obligation to support the twin daughters during their minority.

There are conflicting assertions with respect to the earnings of these children, who have become emancipated, with which we need not concern ourselves. They are attending a college and are earning something during spare time.

The obligation resting upon the defendant to support these two children terminated upon their reaching their majority, in the absence of a showing of physical or mental disability, neither of which is involved in this case.

Unlike the furnishing of a common school education to an infant, the furnishing of a classical or professional education by a parent to a child is not a " necessary," within the meaning of that term in law. Especially is this so where the child has become of age. It may be that unusual circumstances might make the furnishing of a professional or classical education to an infant a necessary, enforcible in law against a parent, but that question is not here, since the children have become emancipated; each has attained her majority, and the circumstances of the parties preclude such a holding. (*International Text Book Co.* v. *Connelly*, 206 N. Y. 188, 195; *Chanler* v. *Chanler*, 202 App. Div. 357.)

Accordingly, the Special Term erred in denying defendant's motion to decrease the payment ordered in the judgment to the extent that it represents support for these emancipated children. The minimum that could seem to be included in the amount provided in the judgment for that purpose is twenty dollars a month for each child.

The order denying defendant's motion to annul, vary or modify the judgment of separation should, therefore, be reversed upon the law and the facts, without costs, and the motion granted, without costs, to the extent of eliminating the provision for the support

of the children, and reducing the payment directed to be made to forty dollars per month.

LAZANSKY, P. J., YOUNG and KAPPER, JJ., concur; HAGARTY, J., dissents and votes to affirm upon the ground that the facts in this case do not justify a reduction of the alimony.

Order denying defendant's motion to annul, vary or modify the judgment of separation reversed upon the law and the facts, without costs, and motion granted, without costs, to the extent of eliminating the provision for the support of the children, and reducing the payment directed to be made to forty dollars per month.