### THE S. S. BLACK GULL.

### FAYE v. AMERICAN DIAMOND LINES, Inc., et al.
### No. 408.

Circuit Court of Appeals, Second Circuit.
June 7, 1937.

Stefferson & Bourke, of New York City (Charles E. Long, Edwin M. Bourke, and Raymond E. Stefferson, all of New York City, of counsel), for libelant-appellee.

Hunt, Hill & Betts, of New York City (John W. Crandall and Frank J. Zito, both of New York City, of counsel), for claimant and respondents-appellants.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

This appeal is from that part of a final decree entered below which awarded $29,675.70 to Charlotte M. McIntyre, widow of Hugh McIntyre, as damages for the loss of his life. Liability is based upon the Act of March 30, 1920, "Death on the High Seas by Wrongful Act" (46 U.S.C. § 761 etc., 46 U.S.C.A. § 761 et seq.). We held appellants liable for damages. Peterson v. United N. Y. Sandy Hook Pilots Asso. (C. C.A.) 82 F.(2d) 758, cert. denied, American Diamond Lines, Inc., v. Peterson, 298 U. S. 684, 56 S.Ct. 954, 80 L.Ed. 1404. His only child, a daughter, was awarded $6,000.

Appellants contend the award to the widow is excessive. The deceased was 49 years old at the time of his death in 1933 and his wife 39. He was a Sandy Hook pilot. They were married October 5, 1914, and were legally separated April 17, 1924. By court order annual payments of $1,800 were made to the wife and $1,800 for the support and education of the daughter. The daughter, while a minor, eighteen years

old, secretly married in 1935 after his death. She continued to live with her mother until September, 1936. His earnings in past years were: 1923, $7,516; 1924, $7,674.69; 1925, $7,562.54; 1926, $7,353.34; 1927, $8,326.71; 1928, $8,652.25; 1929, $9,644.12; 1930, $8,498.81; 1931, $7,293.81; 1932, $6,075.92; 1933, $6,032.08; 1934, $6,262.36; 1935, $6,328.08.

After the legal separation, the wife made five different unsuccessful applications to increase her alimony. Eighteen hundred dollars, as judicially decreed, represents the amount the husband paid his wife for nine years prior to his death. Feeling between this couple was so bitter over so many years that reconciliation seemed impossible. According to the tables of mortality on the two lives, [Briscoe v. United States (C.C. A.) 65 F.(2d) 404, 405,] the present worth of an annuity of $1 for the ages 39 and 49 at 4 per cent. is $10.991; multiplying $10.991 by $1,800 gives the sum of $19,783.80.

The Commissioner who heard and determined the issues used the 4 per cent. table which the court approved. Briscoe v. U. S., supra; but see Sabine Towing Co. v. Brennan, 85 F.(2d) 478, 481 (C.C.A.5) which suggests 6 per cent. The court below also approved the Commissioner's use of the annual sum of $2,700 as a basis, and this on the theory that the widow could reasonably anticipate that after the marriage of the daughter the court would increase her alimony to at least $2,700 a year. The marriage of the daughter operated as an emancipation and relieved her father of any legal obligations to support her, Commonwealth v. Graham, 157 Mass. 73, 31 N. E. 706, 16 L.R.A. 578, 34 Am.St.Rep. 255; Schouler's Domestic Relations (5th Ed.) § 267a, 268, thereby terminating the duty imposed by the order of separation. The deceased could have applied to the court for a reduction to $1,800 per annum. Halsted v. Halsted, 228 App.Div. 298, 239 N.Y.S. 422; Chanler v. Chanler, 202 App.Div. 357, 195 N.Y.S. 267. The proper base for calculating the award to Mrs. McIntyre was $1,800, and not $2,700. This was the alimony the wife was entitled to as a result of the various matrimonial proceedings. It was the admeasurement by the court of the marital obligation to support. The damages to be awarded should be gauged by the reasonable expectation of pecuniary benefits which would have flowed from the con-

tinued life of the deceased. Chesapeake & O. Ry. v. Kelly, 241 U.S. 485, 36 S.Ct. 630, 60 L.Ed. 1117, L.R.A.1917F, 367.

The award appealed from is excessive, and under all the circumstances it should be reduced to $20,000, which, with interest, will adequately represent the pecuniary loss to Mrs. McIntyre due to her husband's death.

Decree modified.