LOUIS SHAPIRO, Appellant, v. PAULINE SHAPIRO, Respondent.— The plaintiff obtained a final judgment of divorce from the defendant on February 17, 1933. The decree provided that the defendant have the custody of the three children, and the plaintiff was directed to pay seventeen dollars and fifty cents per week for their support. One of the children (Morris) became twenty-one years of age on June 3, 1938, and the plaintiff moved for a reduction of alimony of five dollars and fifty cents a week on the ground that he was now emancipated. The opposing affidavits stated nothing but conclusions. The record does not show that this son has any physical or mental disability, but that he is employed; and that the defendant has property and means. Order denying motion reversed on the law and the facts, without costs, motion granted and alimony reduced to the sum of twelve dollars a week, commencing on July 12, 1938, on the authority of *Halsted* v. *Halsted* (228 App. Div. 298). Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ., concur.

FANNIE SHERMAN, Appellant, v. THE CITY OF NEW YORK, Respondent.— In an action to recover damages for personal injuries caused by the plaintiff's fall on a sidewalk claimed to be icy following a heavy snowfall, the verdict was for the defendant. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.

NADEEN SIMRANY, Respondent, v. STANLEY LOCKE, Appellant. ANNA BERTHA, Respondent, v. STANLEY R. LOCKE, Defendant.— Order consolidating actions modified by striking out the words " City Court of Yonkers " in the second ordering paragraph and substituting therefor the following: " County Court of Westchester County," and as so modified affirmed, with ten dollars costs and disbursements to appellant. Although empowered to remove to itself pending actions in other courts for consolidation with an action pending therein (*Datz* v. *Economy Cotton Goods Stores*, 263 N. Y. 252), the County Court is without power to divest itself of jurisdiction and direct trial in another court of an action brought in the County Court. In the exercise of discretion, the motion of defendant to consolidate the actions in the County Court is granted. Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ., concur.