Minnie Cohen, Plaintiff, *v.* Nathan Cohen, Defendant.

Supreme Court, Special Term, Kings County, March 26, 1943.

*Michael M. Kirsch* for defendant.

*Noah Feldman* and *L. K. Katz* for plaintiff.

Swezey, J. In the light of the attainment by the daughters of twenty-one years of age on May 19, 1936, and December 24, 1939, the defendant was entitled to be relieved of the obligation to make further payments for their support. (*Halsted* v. *Halsted*, 228 App. Div. 298; *Shapiro* v. *Shapiro*, 256 App. Div. 838; *Weisbecker* v. *Weisbecker*, 259 App. Div. 230.)

The only other question that remains to be determined is whether the alimony should be reduced *nunc pro tunc* as of the date of the application or when the daughters reached their majority. A somewhat similar situation was presented in *Probst* v. *Probst* (259 App. Div. 1090). There the court held that to permit the recovery by the mother of support for the son after he had attained his majority would be an unjust enrichment of her. An examination of the record on appeal in that case discloses that the questions whether the amount of the alimony awarded by a final judgment is indivisible and whether the defendant was guilty of laches in not making the application for such relief sooner were also raised. There the Appellate Division apparently held that these contentions did not bar a reduction *nunc pro tunc* as of the date when the son reached his majority.

Under such circumstances, I am of the view that the alimony here should be reduced by the sum of seven dollars and fifty cents per week from May 19, 1936, and an additional sum of

seven dollars and fifty cents a week from December 24, 1939. Defendant's motion to modify the official referee's report is accordingly granted to the extent indicated above, and as so modified, the referee's report is confirmed. Settle order on notice.