S. Samuel Di Falco, S.
Objections by the former wife of the decedent to the executor’s account are directed to the alleged failure of the decedent to make payments of alimony as required by a decree of divorce made by the Supreme Court, Kings County, on March 17, 1938. The decree directed the decedent to pay to the objectant, “ the sum of $35.00 per week as alimony for the support and maintenance of the infant children, Margaret, age ten, Helen, age seven and a half; and Jane, age six; and herself, commencing the 15th day of November, 1937 ”. The objections allege that the decedent made payments of $30 *773 a week from November 15, 1937 to January 31, 1941; payments of $20 a week from that date until June 30,1949; and payments of $75 a month between December 1, 1957 and July 17, 1958, which was the date of his death.
The children of the parties reached their majority between May, 1948 and April, 1952 but the alimony provisions of the decree were never modified in any respect. The objectant never took any steps to enforce the decree against the decedent. The receipt of the smaller sums might appear to reflect an adjustment by mutual agreement, but a communication signed by the decedent in March, 1958 leaves no room for such inference. It states: “ The Court agreement was for $35 a week. However, my total payment to her during the year [1957] came to $691.84.” Hence there was not only no judicial modification of the provision but apparently no private adjustment as between the parties. The administratrix c. t. a. has rejected the claim as “Not Proved.”
It should be noted that the gross estate of the decedent is valued only at $3,917.22 and the balance on hand at $2,121.97. There is, in addition, a parcel of realty in which the decedent is reported to have a one-half interest. The objectant is attacking in another court the transfer of the other half interest by the decedent to his widoAv. Even at objectant’s figures, the realty has a value of $10,000. The administratrix c. t a. values it at a much lower figure.
Arrears of alimony due and unpaid at the time of the husband’s death are obligations of his estate. The husband, and after his death, his estate < ‘ cannot be heard to say that the wife had not required the alimony for the purposes of her support. The court, by the decree, determined on a full consideration of the conditions existing, that it was proper the husband should pay the sum mentioned. If he did not pay, and the wife drew upon her own resources or obtained othermse the means of support, the husband should not be relieved to that extent from the obligations of the judgment.” (Van Ness v. Ransom, 215 N. Y. 557, 559.) The decree states that the alimony was for the support of the objectant and the three minor children. It is probable that the husband might have obtained a modification of the decree after the children attained the age of 21 years (cf. Halsted v. Halsted, 228 App. Div. 298; Shapiro v. Shapiro, 256 App. Div. 838; Probst v. Probst, 259 App. Div. 1090; Weisbecker v. Weisbecker, 259 App. Div. 230), although other factors might have led the court having jurisdiction of the case to refuse such modification. In any event, the decedent never sought a modification of the terms of the decree. Jurisdiction to modify *774 the decree lies in the Supreme Court (see 1948 Report of N. Y. Law Rev. Comm., p. 268). Whether or not the relief afforded by section 1171-b of the Civil Practice Act, is available in the Supreme Court after the death of the husband is a question that is at the moment, not finally settled. (See Snow v. Snow, 8 A D 2d 516, 521.) However, even if this court had such jurisdiction, there has been no request or even suggestion for modification of the decree.
The burden of pleading and proving payment of the installments rests upon the estate. (Matter of Bassford, 91 N. Y. S. 2d 105, 114, modified on another point 277 App. Div. 1128.) No evidence respecting payment has been given except that offered at the hearing by the objectant or conceded by her in her pleading. However, installments due more than 20 years prior to the decedent’s death are conclusively presumed to have been paid. (Probst v. Probst, 259 App. Div. 1090.) The objectant is, therefore, entitled to recover the unpaid installments that accrued after July 17, 1938 up to the time of the decedent’s death.
The claim for unpaid installments of alimony is a preferred claim under subdivision 3 of section 212 of the Surrogate’s Court Act. (Matter of Bassford, 277 App. Div. 1128, 1129, supra.) The first and second objections are sustained to the extent hereinabove stated.
The reasonable compensation of the attorney for the administratrix, c. t. a. is fixed in the snm of $800. The disposition of his application for fixation of his fee disposes also of the third objection. No proof was offered in support of the fifth and seventh objections, and they are dismissed. The fourth and sixth objections have been withdrawn. The objections filed on behalf of York Management Co. are dismissed on default.