Louis B. Heller, J.
Motion to modify a separation decree so as to provide for payment by the defendant of college tuition and other incidental expenses for the minor child of the parties for as long as he is enrolled in college. The facts, in brief, are as follows:
The plaintiff obtained a judgment of .separation from the defendant on October 7, 1963. The judgment required the defendant to pay to the plaintiff wife, for her support and maintenance and for the support and maintenance of their son, the sum of $47.50 per week. It is uncontroverted that defendant adhered strictly to the directions of the decree since its entry. The plaintiff is employed as a child guidance counselor in the school system of the City of New York, earning $10,200 per year as of June, 1967 and will receive an increment as a result of the recent teachers’ strike. The defendant is employed by a labor union and his gross salary is $9,900 annually. Their son, who is now 20 years of age, had earnings of $1,900 during the Summer vacation period in 1967. He attended a tuition-free college near his home for four semesters but, because he failed to make the required grades, he was dropped. He thereupon applied for and was accepted conditionally by Long Island University, a private institution, which meant the payment of tuition of over $800 per semester. Plaintiff paid the first semester’s tuition,
*1090 The sole question involved herein is whether or not a father is legally obligated to pay for his son’s college education. It is basic that a parent must provide a common school education; in other words, such amount of education as is required by the State. From that point on the facts in each individual case must be taken under consideration, as there is no precise formula. In the absence of special or unusual circumstances, a college education is not within the purview of “necessaries ” for which a parent can be obligated. As stated by the court in Ealsted v. Ealsted (228 App. Div. 298, 299): “Unlike the furnishing of a common school education to an infant, the furnishing of a classical or professional education by a parent to a child is not a ‘ necessary ’ within the meaning of that term in law.” (See, also, Wagner v. Wagner, 51 Misc 2d 574 and cases cited therein; Present v. Present, N. Y. L. J., Aug. 5, 1966, p. 8, col. 6.) In Grishaver v. Grishaver (2251 N. Y. S. 2d 924, 938-939) upon a wife’s application to recover for expenditures made by her as necessaries, the court stated: “ It does not appear that expenditures relative to a college education can properly be considered necessaries for which reimbursement may be recovered (see, Cohen v. Cohen, 193 Misc. 106, 82 N. Y. S. 2d 513; Halsted v. Halsted, 228 App. Div. 298, 239 N. Y. S. 422) ”.
In the instant case, the court fails to see any special or unusual circumstances. Plaintiff’s minimum income is $12,670 annually not including any salary increase or the earnings of the minor, as against defendant’s gross salary of $9,900 annually. While the providing of a college education for a child might be considered a moral obligation under certain circumstances, the court feels that under the facts of this case a court order making the payment of tuition and incidental expenses a matter of compulsion would be unwarranted.
Accordingly, plaintiff’s motion is denied. In view of the foregoing, no counsel fee is allowed.