■ In the Matter of VIOLET WEYMANN, Respondent, v DONALD WEYMANN, Appellant.—In a support proceeding pursuant to article 4 of the Family Court Act, the appeal is from an order of the Family Court, Suffolk County, dated July 1, 1975, which, after a hearing, modified a judgment of divorce by adding thereto, *inter alia,* a provision that appellant pay the anticipated college costs of his daughter. Order affirmed, with costs. The order increasing appellant's child support obligation by directing him to pay an additional $3,000 per tuition year for his daughter's college education was proper in view of the special circumstances and appellant's financial means (see *Matter of Weingast v Weingast,* 44 Misc 2d 952). The case of *Matter of Hawley v Doucette* (43 AD2d 713) is not dispositive under the facts of this case. Margett, Damiani, Shapiro and Hawkins, JJ., concur; Cohalan, Acting P. J., dissents and votes to reverse the order and to dismiss the proceeding, with the following memorandum: The parties, who were divorced in February, 1973, are the parents of five children under 21 years of age. They all reside with their mother, the petitioner-respondent. Pursuant to a stipulation which survived the decree, the appellant father now pays the sum of $140 per week alimony and $200 per week ($40 per child) for support. As a medical doctor, his net income is about $42,000 per year. One of the daughters, Valerie, who had a good high school record, decided that she wanted to attend college. The stipulation made no provision for this item, but the Family Court, after a hearing, ordered appellant to contribute $3,000 per year towards her board and tuition at the college of her choice. In September, 1975, on the strength of this order, she commenced her college career. On the general subject, we stated in *Matter of Hawley v Doucette* (43 AD2d 713, 714): "Although the separation agreement provides that appellant 'shall endeavor' to pay the college expenses of the children, that term does not contractually bind him to so provide. The furnishing of a private college education to one's children is not a necessary for which he can be obligated to pay unless 'unusual circumstances' warrant such a holding *(Halsted v Halsted,* 228 App. Div. 298). Although the providing of such an education may be considered a moral obligation, a court order making such payments a matter of compulsion is unwarranted *(Dicker v Dicker,* 54 Misc 2d 1089, 1090). A father may, however, by express and enforcible agreement, bind himself to make such payments. But the facts obtaining here do not show such a promise *(Wagner v Wagner,* 51 Misc 2d 574, 576). Likewise, there are no special circumstances contained within this record to justify such a holding." There are no special circumstances at bar to justify the position of the Family Court. The daughter, on her college admission test, scored below par. She has stated that she does not know what, if any, career she wishes to pursue. She has no special aptitude which requires development by advanced study. To add insult to injury, appellant was not even given a voice in the selection of the institution at which his daughter matriculated. Moreover, he is faced with the strong future probability that what was done for one child must be done for the others, at his expense, and without his consent. I would reverse.