ANTHONY MARIO, JR., Respondent, v MARY M. MARIO, Appellant. (Action No. 1.)

MARY MARIO, Appellant, v ANTHONY P. MARIO, Respondent. (Action No. 2.)

Fourth Department, April 9, 1976

*Francis P. Valone* for appellant.

*Frank D. Russo (Kenneth P. Ray* and *Frank Policelli* of counsel), for respondent.

MAHONEY, J. We here consider two appeals by Mary M. Mario ("appellant wife"), defendant in a partition action ("partition action"), brought by her former husband, Anthony Mario, Jr. ("respondent husband"), and plaintiff in an action brought by her against respondent husband ("divorce action") in which she was awarded a judgment of divorce. Appreciation of the issues presented on these appeals necessitates a chronological review of the parties' history of litigation stemming from their marital strife. In 1973 appellant wife was awarded a decree of divorce after trial before the Honorable JOHN R. TENNEY, Justice of the Supreme Court in Onondaga County. Under the provisions of the decree, in addition to providing for disposition and division of various personalty as well as a parcel of out-of-State real property jointly owned by the parties, appellant wife was awarded $200 per month for her support and maintenance and $100 per month for support and maintenance of the minor daughter of the parties who was then 18 years of age, with respondent husband being directed to pay all medical, dental and college education expenses of the daughter. It was also specifically provided, by apparent agreement of the parties, that appellant wife was to continue to reside in the living quarters in the real property at 113 Stanwix Street, Rome, New York, which was jointly owned by the parties; and that respondent husband was to continue to occupy the studio in such realty, with the responsibility for payment of all taxes, utilities, maintenance and insurance on the property. The judgment of divorce also significantly provided that "in the event of disagreement or any problems that arise regarding the finances, support, living arrangements, sale of jointly held property, be referred to this court".

By summons and complaint served on September 3, 1974 respondent husband commenced an action to partition such jointly owned real property with demand for alternate relief of directed sale and division of the proceeds. By notice of

motion dated September 9, 1974 appellant wife moved in the partition action to dismiss the complaint for failure to state a cause of action, premised upon the contention that the "legal effect" of the decretal provision of the decree of divorce, awarding her continued occupancy in the apartment portion of the subject premises, constituted an award of exclusive possession of that portion of the marital residence of the parties by that court, foreclosing maintenance by respondent husband of the action for partition, citing in support of such proposition *Ripp v Ripp* (38 AD2d 65, affd on opn of App Div in 32 NY2d 755).

Respondent husband thereafter, by notice of motion dated June 3, 1975, moved in the divorce action for modification of the support provisions of the decree, seeking reduction of both the support provision for appellant wife and the child support provision for the daughter.

Both the motion in the partition action and the divorce action were thereafter brought on to be heard jointly before Justice TENNEY who, after considering the supporting affidavits and argument of counsel, as well as testimony of the parties, (a) denied appellant wife's motion in the partition action for dismissal of the complaint and directed that the subject property be sold at public sale; and (b) granted husband respondent's motion in the divorce action to the extent of eliminating the $100 per month support provision for the parties' daughter and directed that respondent husband be liable to pay the tuition fees for the regular term of college for the daughter. It was further ordered that the proceeds of the sale of the property, after crediting to respondent husband various expense items in connection therewith, be equally divided between the parties. It is from both orders that appellant wife appeals.

Addressing initial attention to Special Term's order in the partition action denying dismissal of the complaint for failure to state a cause of action, appellant wife's reliance on *Ripp v Ripp* (38 AD2d 65, affd 32 NY2d 755, *supra)* is misplaced by reason of the distinguishing facts as well as procedural uniqueness in the instant case, in that the same Justice heard and rendered the decisions in the initial divorce action as well as the instant motion for modification thereof in addition to the determination made on the motion brought in the partition action. Such factors alone distinguish the *Ripp* holding. Furthermore, the award in the initial divorce decree of posses-

sion of the designated portion of the marital property, as expressed in the record by Justice TENNEY, was the result of an agreement by the parties which "was not working out" as opposed to an independent determination by the trial court. The decretal provision of the divorce action decree, retaining jurisdiction for resolution of disputed matters including living arrangements of the parties, buttresses such intended tenuous status of the provision. The combined effect of these factors, therefore, readily distinguishes the instant case from an *ipso facto* application of the principle of *Ripp* as contended by appellant wife.

Obviating any question is the subsequent motion made in the divorce action by respondent husband, jointly heard by Justice TENNEY, who, after consideration of all the allegations of the parties, concluded that sale and division of the jointly owned property in question is appropriate and equitable, with direction for such disposition in the pending partition action. Such determination cannot be said to be an abuse of discretion. Special Term's order in the partition action as so supplemented by its determination and modification order in the divorce action with reference to the sale of the subject property was, therefore, proper.

Nor can Special Term's order modifying the support provision for the daughter of the parties to payment of her college tuition be held to be an abuse of discretion.* In addition to the daughter being partially employed, the record indicates that she is now 20 years of age and, therefore, no longer a minor (Domestic Relations Law, § 2, as amd by L 1974, ch 920, eff Sept. 1, 1974). Respondent husband's obligation to support his child, absent exceptional circumstances, terminates when the child attains her majority *(Greenberg v Greenberg,* 27 AD2d 952). The fact that the daughter is presently attending college, under the financial circumstances of the parties as here reflected in the record, does not constitute a qualifying, unusual circumstance for continued support *(Greenberg v Greenberg, supra; Halsted v Halsted,* 228 App Div 298). The combination of the foregoing factors clearly constitutes a change of circumstances warranting Special Term's modification order in this respect.

However, since lodging and housing are as much a part of

---

* We note that the husband has not appealed from the direction that he pay the college tuition (see *Matter of F.L.C. v E.W.P.,* 49 AD2d 263).

support as are monetary awards *(Capelli v Capelli,* 42 AD2d 905, 906), we find that Special Term's modification order in the divorce action, in failing to provide an increase in the monetary award for support of appellant wife to compensate for deprivation of living accommodations by virtue of direction for sale of the subject premises in the pending partition action, ignores and fails to take into consideration the adverse financial impact on her situation. Equity and fairness dictate that provision for maintenance and support of appellant wife be increased by the sum of $100 per month *(Caplan v Caplan,* 38 AD2d 572). Such increase will accord appellant wife interim relief to secure adequate housing pending ultimate disposition of the sales proceeds from the property, at which time, depending upon the income to be generated from her share thereof, further review consideration may well be in order, should either of the parties be so advised.

Lastly, the ultimatum date of sale directed in Special Term's order having now expired, such sale should proceed without further delay and, in the event of undue procrastination, application for directive relief should be made to Special Term.

The order in Action No. 1 should be affirmed and the order in Action No. 2 should be modified in accordance with this opinion and, as modified, affirmed.

MARSH, P. J., CARDAMONE and WITMER, JJ. concur.

Order in Action No. 1 unanimously affirmed, without costs.

Order in Action No. 2 unanimously modified, on the law and facts, and in the exercise of discretion, in accordance with the opinion by MAHONEY, J.