■ ANTHONY MARIO, JR., Respondent, v MARY M. MARIO, Appellant— Order unanimously modified, and as modified, affirmed, without costs, in accordance with the following memorandum: Prior to the divorce of the parties in 1973 they were the owners by the entirety of real estate constituting the marital premises. Following the entry of the divorce decree, plaintiff brought an action for partition (see *Mario v Mario,* 51 AD2d 428) and eventually obtained an order directing that the premises be sold. Plaintiff purchased the property at the sale and the Referee credited him for payments of taxes, insurance premiums and mortgage principal and interest which he had made in connection with the premises subsequent to the divorce. The Referee recommended that the balance of the proceeds be divided equally between the parties. Defendant appeals from Special Term's order confirming the Referee's report insofar as it permits credit to the plaintiff for the payment of such expenses. We find that the plaintiff is not entitled to reimbursement for the tax and insurance payments inasmuch as he was obligated to make them by a specific directive in the divorce decree and there has been no modification of that provision. The credit for these items is equivalent to a retroactive modification and thereby fails to accommodate a "concern for the proper and judicious enforcement of the directives in [that] judgment" *(Ripp v Ripp,* 38 AD2d 65, 70, affd 32 NY2d 755; see *Naphtali v Naphtali,* 3 AD2d 731). Plaintiff contends that since the Justice who ordered the distribution also granted the divorce, he was better positioned to consider the equitable factors between the parties (see *Ripp v Ripp, supra).* While this is generally true, the record here, made almost four years after the entry of the divorce decree, fails to demonstrate any equitable consideration upon which the court may have relied. Additionally, the record fails to explain away the Trial Justice's express indication as reflected in proceedings of June 23, 1975 that plaintiff would receive credit only for the mortgage payments *(Mario v Mario,* 51 AD2d 428, *supra).* With respect to the principal and interest payments on the mortgage, the usual equitable rules of distribution are applicable (see *Hosford v Hosford,* 273 App Div 659, 662) and plaintiff was properly credited for these expenditures (see *Johnson v Depew,* 33 AD2d 645; *Bailey v Mormino,* 6 AD2d 993). We thus conclude that defendant is entitled to receive from plaintiff the sum of $2,275.36, which sum represents one half of the total amount credited to plaintiff for the payment of taxes and insurance premiums. (Appeal from order of Oneida Supreme Court—partition, referee's report.) Present— Moule, J. P., Dillon, Hancock, Jr., and Schnepp, JJ.

■ OZELLE VICKERS et al., on Behalf of Themselves and All Others Similarly Situated, Respondents, v HOME FEDERAL SAVINGS & LOAN ASSOCIATION OF EAST ROCHESTER, Appellant.—Order insofar as appealed from unanimously reversed, without costs, and application denied. Memorandum: From the record herein it does not appear that defendant was more blameworthy than plaintiffs, and we conclude that the imposition of sanctions upon defendant was improvident. (Appeal from order of Monroe Supreme Court—attorneys fees.) Present—Cardamone, J. P., Simons, Hancock, Jr., Schnepp and Witmer, JJ.