■ ROBERT FRANKEL, Appellant-Respondent, v MINI FRANKEL, Respondent-Appellant. — In a divorce action the parties cross-appeal from stated portions of a resettled judgment of the Supreme Court, Nassau County (Roncallo, J.), entered October 2, 1980, which, *inter alia,* directed the plaintiff husband to pay alimony of $1,500 per week and child support of $500 per week ($250 for each child), with such payments to be paid retroactively to August 6, 1979, the date the trial was commenced, and which directed plaintiff to pay defense counsel counsel fees of $25,000 plus $8,468.35 for expenses and disbursements. Resettled judgment modified, on the law and the facts, by increasing the alimony award to $2,000 per week, increasing the counsel fee award to $30,000 and by adding a provision thereto directing plaintiff to pay the college tuition and room and board expenses for both of his unemancipated children. As so modified, resettled judgment affirmed insofar as appealed from, with costs to the defendant. In determining the proper alimony award we considered the length of the marriage, the preseparation standard of living and plaintiff's wealth. We concluded that plaintiff can easily afford to support his wife pursuant to their preseparation standard of living and he should do so in light of the fact that the parties were married for 24 years. In determining the amount of alimony defendant needs it is proper to consider the amount of the income tax she must pay. In our judgment the alimony should be increased to $2,000 per week to enable defendant to maintain the preseparation standard of living. Considering the experience and reputation of defense counsel, plaintiff's financial situation, and the amount of time spent on this case, largely due to plaintiff's un-co-operativeness, we conclude that an award of $30,000 is

appropriate, plus expenses and disbursements. This court has recognized that in cases of "special circumstances" it is proper to require a parent to pay his children's college expenses (cf. *Kaplan v Wallshein,* 57 AD2d 828). Two important factors to consider in determining whether a parent should be required to pay for these expenses are (1) the environment in which the child grew up and (2) the parent's ability to provide the necessary funds (cf. *"Lord" v "Lord",* 96 Misc 2d 434). Plaintiff's children were raised in a very affluent environment and were always given the very best. Considering that few parents can afford to pay college expenses as easily as plaintiff can, it would be unfair to the children if he did not pay these expenses. Titone, J. P., Mangano, Gulotta and Thompson, JJ., concur.