(February 25, 1985)

■ DAVID ANTIS, Respondent, v BEVERLY ANTIS, Appellant. — In a matrimonial action, the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (McCaffrey, J.), entered September 21, 1983, as (1) dissolved the marriage; (2) awarded maintenance and child support; (3) ordered the sale of the marital home no later than 18 months after entry of the judgment; (4) failed to distribute the plaintiff husband's retirement fund; (5) failed to order plaintiff to pay the cost of his son's college education; and (6) denied her counsel fees.

Judgment modified, on the law and the facts, (1) by amending the second decretal paragraph to increase the award of weekly maintenance presently payable to defendant from $100 to $200 and by deleting the provision which reduces that award following the sale of the marital residence; (2) by adding a provision directing that plaintiff pay college tuition at the State University of New York at Stony Brook for the parties' unemancipated son, Kevin, and, in the event that the son resides on campus, his room and board expenses; and (3) by adding a provision directing that plaintiff's retirement trust benefits be distributed equally between the parties, with defendant's share to be paid to her out of plaintiff's share of the proceeds from the sale of her marital residence. As so modified, judgment affirmed, insofar as appealed from, with costs to defendant.

The trial court awarded maintenance to the defendant wife in two phases. It required the plaintiff husband to pay the wife $100 per week until the sale of the marital premises. Upon the sale, maintenance was to be reduced to $50 per week. An upward modification of these awards is necessary in view of the fact that the defendant's prospects for any type of future employment are very dim. She is mentally ill and severely disfigured due to burns. She is not college educated and has worked outside the home only sporadically since her marriage 28 years ago.

Thus, in view of the relative assets of the parties, and in view of the fact that plaintiff earns $49,700 per annum as found by the trial court, the present award of permanent weekly maintenance should be increased to $200 and should remain at that level upon the sale of the residence as well. Moreover, plaintiff shall be obligated to pay his son Kevin's college tuition at the State University of New York at Stony Brook and if Kevin should reside at school, his room and board as well. This court has recognized that in cases of special circumstances it is proper to require a parent to pay his child's college expenses (*Brundage v Brundage*, 100 AD2d 887; *Frankel v Frankel*, 82 AD2d 796). In view of the fact that Kevin grew up in a middle-class environment, that his father has a college degree, that Kevin is presently enrolled in a selective university, and that his father is the only parent with the financial means to pay college expenses, he should be required to do so.

Finally, the trial court erred in failing to distribute plaintiff's retirement trust benefits, which accrued during the parties' 28-year marriage (*see, Majauskas v Majauskas,* 61 NY2d 481; *Brundage v Brundage, supra; Perri v Perri,* 97 AD2d 399; *Damiano v Damiano,* 94 AD2d 132). In light of the duration of the marriage, we find the defendant is entitled to an amount equal to one half the balance in the husband's retirement trust fund on the date of entry of the judgment (Sept. 21, 1983). Her share is to be paid out of plaintiff's share of the proceeds from the sale of the marital residence. Mangano, J. P., Gibbons, O'Connor and Brown, JJ., concur.