GERALD M. HIRSCH, Appellant-Respondent, v PATRICIA L. HIRSCH, Respondent-Appellant.

Second Department, November 21, 1988

### APPEARANCES OF COUNSEL

*Weitz & Semensohn (Aaron Weitz* of counsel), for appellant-respondent.

*Martin J. Rosen, P. C.,* for respondent-appellant.

### OPINION OF THE COURT

MOLLEN, P. J.

The primary issue presented on this appeal is whether a parent may be directed to pay child support and/or contribute towards the college education for a child who is 21 years of age or older, where that parent has not expressly agreed to do so. We answer this question in the negative, and, accordingly, modify the order appealed from.

The parties were married on March 7, 1964, and had three children: David, born October 29, 1965; Hillary, born March 23, 1968; and Howard, born December 6, 1970. The parties were divorced on May 9, 1979, and the defendant wife was awarded custody of the parties' three children. The judgment of divorce directed the plaintiff husband, *inter alia,* to pay child support in the sum of $100 per week for each child. The weekly child support was subsequently increased to $150 per week for each child by an order entered July 6, 1983. That order was affirmed on appeal *(see, Hirsch v Hirsch,* 100 AD2d 573).

In May 1986 the defendant moved, *inter alia,* to compel the plaintiff to contribute towards the college expenses of his son David and his daughter Hillary. At that time, David was completing his second year at Dean Junior College and was in

the process of transferring to the University of Tampa. Hillary was about to begin her first year at Boston University. The plaintiff opposed the defendant's application and cross-moved for a downward modification of his child support obligations. At the hearing conducted on the parties' applications, the defendant testified that she had been paying for most of the college expenses for the children. It was also established that the plaintiff had ceased child support payments for David in October 1986 when David reached 21 years of age.

In the order appealed and cross-appealed from, the Supreme Court, *inter alia,* directed the plaintiff to resume his child support obligation of $150 per week for his son David as a contribution towards David's college education, effective August 1987 through May 31, 1988, at which time David would have completed four years of undergraduate study. The plaintiff was also directed to contribute $6,000 towards David's college expenses for the 1986-1987 school year. The court further provided that "[t]he plaintiff's contribution toward Hillary's college education will take the form of the plaintiff's continuing to pay $150 weekly until she has completed four (4) years of undergraduate study". Additionally, the plaintiff was directed to pay the defendant's counsel fees in the sum of $5,000.

On appeal, the plaintiff challenges, *inter alia,* the Supreme Court's directive that he continue child support for his son David, contribute $6,000 for his son's 1986-1987 college expenses and provide child support for his daughter Hillary until she graduates from college. The plaintiff argues that, absent an agreement on his part to continue child support and/or to pay for the college expenses of his children after they reach the age of 21 years, the Supreme Court has no authority to issue such a directive. We agree.

It is well established that under New York law a parent is only chargeable for the support of his or her children under the age of 21 years *(see,* Family Ct Act § 413 [1]; Social Services Law § 101 [1]; *see also,* Domestic Relations Law § 32 [3]; *Bani-Esraili v Lerman,* 69 NY2d 807). Of course, if a parent obligates himself or herself by express agreement to pay child support for a child over the age of 21, this obligation will be enforced *(see, Koren v Koren,* 70 AD2d 950; *Streuli v Streuli,* 60 AD2d 829; *Kaplan v Wallshein,* 57 AD2d 828). Notably, a review of the relevant case law dealing with the question of whether a parent may be required to pay child support for a child over the age of 21, absent an express

agreement, reveals some confusion among the Appellate Divisions in the various departments. An analysis of the cases dealing with this issue indicates that this confusion, at least in part, is attributable to a reliance on cases which were decided prior to an amendment to the controlling statutory authority.

In several cases decided during the period of 1930 through 1967, this court held that a parent could not be compelled to support his or her child beyond the age of 21 years unless there had been a showing of "unusual" circumstances *(see, Halsted v Halsted,* 228 App Div 298; *Lair v Lair,* 276 App Div 775; *Sloan v Sloan,* 286 App Div 1102; *Greenberg v Greenberg,* 27 AD2d 952). In most of these decisions, the court cited former Social Welfare Law § 101 and former Domestic Relations Court Act of the City of New York § 101 (4) as support for its holding. Prior to its amendment in 1966, former Social Welfare Law § 101 (1) provided: "The husband, wife, father, mother, grandparent or child of a recipient of public assistance or care or of a person liable to become in need thereof shall, if of sufficient ability, be responsible for the support of such person. Step-parents shall in like manner be responsible for the support of minor step-children" (L 1945, ch 656). Similarly, the former Domestic Relations Court Act of the City of New York § 101 (4), which was enacted in 1933, provided: "The parents, the grandparents, the children and the grandchildren of a dependent adult who has been a resident of the city at any time during the twelve months preceding the filing of the petition for his support, and who is unable to maintain himself and is likely to become a public charge are hereby declared to be severally chargeable with the support of such poor relative. The court shall determine and apportion the amount that each such person shall be required to contribute, as may be just and appropriate in view of the circumstances of the case and their respective means" (L 1933, ch 482).

The Domestic Relations Court Act of the City of New York was repealed in its entirety upon the enactment of the Family Court Act effective September 1, 1962 (L 1962, ch 686).* Family Court Act §§ 413, 414 and 415 replaced Domestic

---

* The Uniform Support of Dependents Law, Domestic Relations Law article 3-A, was enacted in 1958 and prescribes the procedure for adjudicating and enforcing, on an interstate basis, familial support rights and obligations. When enacted in 1958, Domestic Relations Law § 32 provided, *inter alia,*

Relations Court Act of the City of New York § 101 and provided, in relevant part:

"§ 413. Father's duty to support child

"The father of a child is chargeable with the support of his child and, if possessed of sufficient means or able to earn such means, may be required to pay for his support a fair and reasonable sum according to his means, as the court may determine."

"§ 414. Mother's duty to support child; apportionment

"If the father of a child is dead, incapable of supporting his child, or cannot be found within the state, the mother of such child is chargeable with its support".

"§ 415. Duties to support recipient of public assistance or welfare

"The husband, wife, father, mother, grandparent or child of a recipient of public assistance or care or of a person liable to become in need thereof, if of sufficient ability, is responsible for the support of such person" (L 1962, ch 686).

Clearly, then, at the time *Halsted, Lair* and *Sloan* were decided, the controlling statutory authority did not prevent the courts, absent an agreement between the parties, from directing that a parent pay child support for his or her child who was beyond the age of 21 years. The courts, however, interpreted the statutes as requiring a demonstration that "unusual circumstances" existed so as to warrant child sup-

---

"For the purpose of this article, the following persons in one state are declared to be liable for the support of dependents residing or found in the same state or in another state having substantially similar or reciprocal laws, and, if possessed of sufficient means or able to earn such means, may be required to pay for such support a fair and reasonable sum, as may be determined by the court having jurisdiction of the respondent in a proceeding instituted under this article * * *

"2. Father liable for support of his child or children *under twenty-one years of age;*

"3. Mother liable for support of her child or children *under twenty-one years of age* whenever the father of such child or children is dead, or cannot be found, or is incapable of supporting such child or children" (emphasis added).

Currently, Domestic Relations Law § 32 (3) provides, "Parents [are] liable for support of their child or children under twenty-one years of age". It is essential to note, however, that the provisions of the Uniform Support of Dependents Law are not a vehicle for establishing substantive support responsibilities but merely provide the procedure for enforcing support obligations on an interstate basis *(see,* Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 32, at 175).

port beyond that age. In *Halsted,* the court intimated that the "unusual circumstances" exception extended to situations in which the child was physically or mentally disabled *(Halsted v Halsted,* 228 App Div 298, 299, *supra).* Significantly, the *Halsted* court determined that the statutory framework in effect at the time *Halsted* was decided did not require a parent to support a child over 21 who was attending college. The *Halsted* court stated: "Unlike the furnishing of a common school education to an infant, the furnishing of a classical or a professional education by a parent to a child is not a 'necessary,' within the meaning of that term in law. Especially is this so where the child has become of age. It may be that unusual circumstances might make the furnishing of a professional or classical education to an infant a necessary, enforcible in law against a parent, but that question is not here, since the children have become emancipated; each has attained her majority, and the circumstances of the parties preclude such a holding" *(Halsted v Halsted, supra,* at 299).

As stated previously, former Social Welfare Law § 101 (1) was amended in 1966 to provide, *inter alia,* as follows: "The spouse or parent of a recipient of public assistance or care or of a person liable to become in need thereof shall, if of sufficient ability, be responsible for the support of such person, provided that a parent shall be responsible only for the support of a minor child" (L 1966, ch 256). Family Court Act §§ 413, 414 and 415 were also amended at that time to similarly provide that a parent could only be chargeable for the support of a minor child (L 1966, ch 256). Currently, Family Court Act § 413 reads, *inter alia,* as follows:

"§ 413. Parents' duty to support child * * *

"[T]he parents of a child under the age of twenty-one years are chargeable with the support of such child".

Family Court Act § 414 was repealed in 1980 (L 1980, ch 281). The current Family Court Act § 415 contains similar language to that of current Social Services Law § 101 (1).

Thus, the statutory authority in effect since January 1, 1966, does not impose a support obligation on a parent once his or her child has reached the age of 21 *(see also,* Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 413, at 65). Although the *Greenberg v Greenberg* (27 AD2d 952, *supra)* decision was decided in 1967, after the current statutory framework came into effect, it is evident that the *Greenberg* court relied solely on the holding

in *Sloan v Sloan* (286 App Div 1102, *supra)* without any reference to the relevant statutory authority. To this extent, the *Greenberg* holding was erroneous.

Significantly, since *Greenberg,* this court has never held that a parent is statutorily obligated to support a child past the age of 21 years. Moreover, the decisions have consistently found that "special" or "unusual" circumstances can only be considered in determining whether a parent is obligated to pay for the private education of a *minor* child *(see, Antis v Antis,* 108 AD2d 889; *Brundage v Brundage,* 100 AD2d 887, 889; *Urban v Urban,* 90 AD2d 793; *Frankel v Frankel,* 82 AD2d 796; *Fersko v Fersko,* 76 AD2d 854; *Koren v Koren,* 70 AD2d 950, *supra; Kaplan v Wallshein,* 57 AD2d 828, *supra; Matter of Berland v Berland,* 47 AD2d 540; *People ex rel. Gardner v Gardner,* 39 AD2d 735, *affd* 32 NY2d 884). Factors which the courts consider in determining whether special circumstances exist to require a parent to pay for a minor child's college education are the parent's level of education, the parent's financial ability to contribute to the child's education, and the child's educational ability. These cases have emphasized, however, that even where "special circumstances" require a parent to pay for a minor child's private education, that obligation ceases when the child reaches 21 years of age *(see, Antis v Antis, supra; Brundage v Brundage, supra,* at 889).

Interestingly, several cases in the other Appellate Divisions have indicated that where special or unusual circumstances exist, a parent might be directed to continue to pay child support for a child over the age of 21 *(see, Niles v Niles,* 126 AD2d 874 [3d Dept]; *Hoffman v Hoffman,* 122 AD2d 583 [4th Dept]; *Sheldon v Sheldon,* 68 AD2d 853 [1st Dept]; *Mario v Mario,* 51 AD2d 428, 431 [4th Dept]; *Seaman v Seaman,* 37 AD2d 551 [1st Dept]; *"Lord" v "Lord",* 96 Misc 2d 434 [Sup Ct, NY County]). Significantly, in each of the aforesaid cases, the courts found that special or unusual circumstances did not exist to warrant imposition of support obligations beyond the age of 21 years. A review of these cases reveals that they are premised, at least in part, upon this court's holdings in *Greenberg v Greenberg (supra), Sloan v Sloan (supra), Halsted v Halsted (supra)* and *Lair v Lair (supra)* which, as explained *supra,* are obsolete.

In view of the foregoing, we conclude that the Supreme Court erred in directing the plaintiff to pay child support for his son David through May 31, 1988, as a contribution to-

wards David's college education. Given the absence of an express agreement on the plaintiff's part to assume this responsibility, the plaintiff could not be directed to pay support for his son David after he reached his majority on October 29, 1986. Similarly, since the plaintiff's daughter Hillary will become 21 years of age prior to her college graduation, the order appealed from must be modified to limit duration of the plaintiff's child support obligation for Hillary until March 23, 1989, which is the date upon when she will reach the age of 21 years.

Additionally, the Supreme Court erred in directing the plaintiff to contribute the sum of $6,000 towards his son's college expenses for the entire 1986-1987 school year. In view of the fact that David became 21 years of age on October 29, 1986, the plaintiff, at most, could only be obligated to contribute towards those expenses incurred prior to that date, assuming special circumstances were deemed to exist in this case. Based upon our review of the record, we conclude that special circumstances do exist herein. The plaintiff is a college graduate and possesses the financial ability to meet these expenses. Moreover, David has clearly demonstrated the educational ability to complete his college education (see, Antis v Antis, supra). Accordingly, the matter will be remitted for a hearing to determine the amount of college expenses incurred by David for the 1986-1987 academic year prior to his attaining the age of 21 years and to determine the plaintiff's respective share of those expenses. As noted above, the Supreme Court's order, as modified by this court, directs the plaintiff to continue to pay $150 weekly for Hillary's support until she reaches her 21st birthday. To the extent that that directive can be interpreted as requiring the plaintiff to contribute towards Hillary's college expenses until March 23, 1989, it is proper since, as indicated supra, special circumstances exist herein to require the plaintiff to contribute towards Hillary's education.

On her cross appeal, the defendant maintains that the testimony adduced at the hearing demonstrated that the plaintiff should be required to make greater contributions towards the children's college expenses than the amounts provided for by the Supreme Court. We disagree. In the first instance, as explained supra, the plaintiff is not required to make any contributions towards David's college expenses after October 29, 1986 Secondly, we agree with the trial court's determination that, at this point in time, the plaintiff's contin-

uing child support payments for Hillary which amount to approximately $7,800 per year are sufficient to substantially contribute towards Hillary's college expenses which are approximately $16,000 per year. For these same reasons, we also conclude that the Supreme Court properly denied the plaintiff's cross motion for downward modification of his child support obligations.

■ Further, the trial court did not improvidently exercise its discretion in directing the plaintiff to contribute $5,000 towards the defendant's counsel fees since there is sufficient evidence in the record to demonstrate that the defendant was financially unable to pay all of her legal fees. Moreover, although the defendant's application has proven unsuccessful on appeal, it should be noted that Domestic Relations Law § 237 (b), which governs the award of counsel fees in cases such as that at bar, does not preclude an award of counsel fees to a party who is unsuccessful (see, Brownstein v Brownstein, 25 AD2d 205, 211). Based on the circumstances of this case and of the respective parties, we conclude that the award of counsel fees should not be disturbed.

KUNZEMAN, WEINSTEIN and RUBIN, JJ., concur.

Ordered that the order of the Supreme Court, Westchester County, entered July 13, 1987, is modified, on the law, by (1) deleting the provision thereof which directed the plaintiff to resume child support payments of $150 per week for his son David until May 31, 1988, (2) deleting the provision thereof which granted that branch of the defendant's motion which was to compel the plaintiff to pay $6,000 toward David's college expenses for the academic year 1986-1987, and (3) deleting the provision thereof which granted that branch of the defendant's motion which was to compel the plaintiff to continue to pay weekly child support for his daughter Hillary until she has completed four years of undergraduate study and substituting therefor a provision directing the plaintiff to continue his weekly child support payments for his daughter Hillary until March 23, 1989, when she will reach the age of 21 years; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Westchester County, for a determination as to the amount of college expenses incurred by David for the 1986-1987 academic year prior to October 29, 1986, and to determine the plaintiff's respective share of those expenses.