■ JAMES R. PETERSEN, Appellant-Respondent, v PATRICIA

Petersen, Respondent-Appellant. (Appeal No. 1.) [596 NYS2d 617] —Order unanimously affirmed without costs. Memorandum: The parties were married in 1966, and in June 1987 they entered into a stipulation of settlement wherein plaintiff husband agreed to pay $2,000 per month child support for the support of the two children of the parties for a period of four years, then $1,500 per month child support for a fifth year, at which point child support would cease. The end of the fifth year would have coincided with the graduation from college of the younger child. The agreement further presumed that both boys would be attending college and provided that, should either boy not be attending college full time during the five-year period, plaintiff could petition for a modification based upon a change in circumstances. It was also stipulated that, should one of the children die, plaintiff could petition the court for a modification of the agreement. Pursuant to the stipulation, plaintiff was also responsible for paying to defendant for five years, $1,000 per month maintenance, plus 50% of the amount by which his annual income, less certain deductions, exceeded $63,000. The stipulation was incorporated but not merged into a judgment of divorce.

In October 1987, the parties' younger son was killed in an automobile accident. Following discussions with the parties concerning the effect of that event on the stipulation, Supreme Court issued an order requiring plaintiff to pay $1,400 per month for the support of his surviving son for the same length of time as set forth in the stipulation. Plaintiff appealed from that order on the ground that Supreme Court erred by modifying the judgment without holding a hearing on the issue. Plaintiff withdrew his appeal after defendant stipulated to the court's holding a hearing. Following the hearing, Supreme Court adhered to its determination.

We conclude that Supreme Court's child support order was reasonable. Although the stipulation provided for child support in the amount of $2,000 per month, it did not allocate that amount on a per child basis. Plaintiff's argument that the total amount should be halved is too simplistic. The cost of supporting one child is not half the amount required to support two children. There are certain fixed costs which a custodial parent must incur regardless of the number of children in the household. Defendant's child care expenses were not cut in half by the loss of one child, but were reduced by some lesser amount, as found by Supreme Court.

We conclude, however, that Supreme Court erred by requiring plaintiff to pay child support for a fifth year even though the surviving child of the parties had attained the age of 21, had graduated from college, and had accepted full-time employment. A parent is charged with support of a child only until that child reaches the age of 21 *(see, Rosenberg v Rosenberg,* 145 AD2d 916, 917, *lv denied* 74 NY2d 603; *Hirsch v Hirsch,* 142 AD2d 138, 140-141). "Of course, if a parent obligates himself or herself by express agreement to pay child support for a child over the age of 21, this obligation will be enforced" *(Hirsch v Hirsch, supra,* at 140). We reject defendant's argument that plaintiff expressly agreed to pay child support for five years regardless of the status of his son. The stipulation was drafted in contemplation that there would be two boys attending college. Although there is language in the stipulation describing the child support provisions as a "five year pay-out", we cannot ignore the fact that the five-year period was selected to coincide with the completion of the younger boy's college education.

The stipulation provided that plaintiff's child support obligation was premised upon "both boys * * * attending college full time". Because the parties' surviving son was not attending college during the fifth year of the agreement and was over 21, plaintiff was not obligated to support him. Consequently, we modify Supreme Court's order insofar as it adjudged plaintiff in willful contempt, ordered continued child support, and awarded defendant a judgment for arrearages in the amount of $12,600.

We decline to disturb Supreme Court's determinations on counsel fees. We have examined the remaining issues raised by defendant in her cross appeal and find them lacking in merit. (Appeals from Order of Supreme Court, Wyoming County, Dadd, J.—Child Support.) Present—Denman, P. J., Pine, Lawton, Doerr and Davis, JJ.