■ JOAN B. GORDON, Respondent, v PHILIP GORDON, Appellant. [718 NYS2d 211] —In an action for a divorce and ancillary relief, the defendant husband appeals from stated portions of an order of the Supreme Court, Nassau County (Jonas, J.), entered September 27, 1999, which, *inter alia,* (1) granted those branches of the plaintiff's motion which were for an award of child support pendente lite in the sum of $1,076 per week and reimbursement for all rental expenses incurred by the plaintiff as a result of his failure to vacate the marital premises by April 1, 1999, and (2) denied his cross motion for distribution of $250,000 from the parties' Merrill Lynch account.

Ordered that the order is modified, by (1) deleting the provision thereof awarding the plaintiff $1,076 per week in child support and substituting therefor a provision awarding the plaintiff $538 per week in child support, and (2) deleting the provision thereof directing the defendant to reimburse the plaintiff for all rental expenses incurred as a result of his failure to vacate the marital premises by April 1, 1999, and substituting therefor a provision directing the defendant to reimburse the plaintiff for all rental expenses incurred as a result of his failure to vacate the marital premises by June 1, 1999; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court improperly awarded child support for the parties' 21-year-old daughter (*see,* Domestic Relations Law § 236 [B] [1] [f]; *Hirsch v Hirsch,* 142 AD2d 138). It was also improper to direct the defendant to reimburse the plaintiff for all rental expenses for April and May 1999. Contrary to the court's determination, the parties agreed that the defendant

could vacate the marital home by June 1, 1999. Accordingly, the defendant's child support obligation is reduced to $538 per week, and his obligation to reimburse the plaintiff for all rental expenses for the months of April and May 1999, is eliminated.

However, the remainder of the order is proper (*see, Wolfson v Wolfson,* 272 AD2d 470). Also, the court properly denied the defendant's cross motion, in effect, for distribution pendente lite of the marital assets (*see, Sloan v Sloan,* 127 AD2d 650). Ritter, J. P., S. Miller, Goldstein and Smith, JJ., concur.