■ BETTY WALLSHEIN, Respondent, v. ALLAN WALLSHEIN, Appellant.— In an action by a wife for a judicial separation, the defendant husband appeals: (1) from a judgment of the Supreme Court, Queens County, entered January 14, 1960 upon the decision of the court after a nonjury trial, which granted plaintiff a separation on the ground of abandonment, gave her custody of the infant child of the parties, awarded her permanent alimony of $65 a week for the support of herself and the child of the marriage and allowed plaintiff an additional counsel fee of $500; and (2) from an order of said court, dated September 4, 1959, which awarded plaintiff temporary alimony and a counsel fee of $500. The judgment is modified on the law and the facts as follows: (1) By striking out the first decretal paragraph granting plaintiff a separation; (2) by substituting therefor a paragraph dismissing the complaint insofar as it seeks a separation; (3) by striking out the third decretal paragraph directing the defendant to pay plaintiff $65 a week for her support and for the child's support; (4) by substituting therefor a paragraph directing defendant to pay to plaintiff $40 a week for the child's support; and (5) by reducing from $500 to $250 the additional counsel fee awarded to plaintiff in the last decretal paragraph. As so modified, judgment affirmed, without costs. Findings of fact which may be inconsistent herewith are reversed and new findings are made as indicated herein. Appeal from the order awarding temporary alimony and a

counsel fee, dismissed. Such appeal has not been perfected; the papers upon which the order was made are not contained in the record. Plaintiff was granted a separation on the theory of "constructive abandonment." She left her husband, claiming in effect that she was compelled to flee for her own safety by reason of his cruelty. We find insufficient proof in the record, however, to establish his cruelty. Indeed, the trial court likewise found "that plaintiff has failed to prove the allegations of cruel and inhuman treatment." Under the circumstances, there is no basis for any adjudication that the defendant either actually or constructively abandoned the plaintiff and, hence, her complaint must be dismissed insofar as it seeks a separation. Beldock, P. J., Christ, Rabin and Hopkins, JJ., concur; Hill, J., concurs in the dismissal of the appeal from the order dated September 4, 1959 awarding alimony *pendente lite* and a counsel fee, but dissents as to the modification of the judgment and votes to affirm the judgment on the ground that the husband's acts of cruelty were sufficiently established; that such acts, by their cumulative effect, were calculated and designed to force her to leave; and that the husband is clearly guilty of the constructive abandonment of his wife.