Elizabeth Bass Golding, J.
This is a matter before the court on a petition filed by Adele Weingast, which petition was sworn to on July 29, 1964 alleging that Abraham Weingast has failed to provide adequate support for petitioner and one child Michael Weingast now 18 years of age since on or about July 22, 1964. After numerous adjournments for a possible settlement, a hearing was held before this court on October 16, 1964, and after the hearing the decision was reserved.
In actuality, and I believe both sides will agree, what petitioner is seeking is additional moneys to help defray the college expenses of the boy Michael who is presently a student at Fairleigh Dickinson University located in New Jersey since the start of the September term. At the present time the respondent is paying $75 per week to the petitioner for her support and the support of the child under a separation agreement which was entered into by the parties in April, 1958. The $75 is allocated $50 to the support of the wife and $25 to the support of the child. The agreement further provides for the respondent to pay for the child’s clothing and for medical and dental expenses. It does not provide for and there is no mention in the agreement concerning the education of the child.
*953 It is clear by all authority that the father is primarily liable for the support of his children. Section 416 of the Family Court Act provides: “ The court may include in the requirements for an order for support the providing of * * * the expense of educating a minor ”. What type of education must the father provide for his child? It is basic that the father must provide what is termed a common school education, or in other words, he must provide such education as is required by the State. After that point the facts in each individual case must be taken under consideration since there is no set rule. Ordinarily a father is under no duty to provide a college or professional education for his child but under certain circumstances the father has been held liable for college expenses. A father is chargeable with providing an education for his child commensurate with his financial abilty. (“ Bentley ” v. ‘ ‘ Bentley,’’ 191 Misc. 972.) The court has the authority to make an order to include the college expenses of a child if it feels the circumstances warrant it and it would be in the best interest and welfare of the child.
Let us look at the particular circumstances of this case. The child in question is now 18 years of age. According to petitioner’s testimony he was a bright student in high school and was in the top 10% of the country on his college board marks. He has received a work grant from the university because of his good grades which amounts to $400 for the college year and which requires him to do certain assigned work at the university. The total expense of sending this boy to this university is presently unknown, but it is estimated at $2,000 per year of which $978 is for tuition and $900 for room and board. The total known expense therefore is $1,878 from which we can immediately deduct the $400 work grant, leaving a balance of $1,478 to be supplied. The respondent from his own testimony presently earns between $12,500 and $15,000 per year and stated at the hearing that he is not opposed to his son attending college and within his means he would be willing to provide the expense of a college education. He did state that he would prefer the boy attend a college closer to home so that the expenses could be kept at a minimum.
Respondent in his memorandum submitted in opposition to this petition relies heavily on the case of Halsted v. Halsted (228 App. Div. 298, 299) which states that a college education is not a necessary and the expense of such cannot be charged against the defendant. However, the court takes into consideration that that case was decided in 1930 and times have changed drastically since then. The court is more inclined to *954 follow the thinking of Mr. Justice J. Irwin Shapiro in the case Siegel & Hodges v. Hodges (20 Misc 2d 243, 245) (also cited by respondent on a different point) in which the court says: “ The tradition of a dynamic law adapting itself to changing needs is a proud mainstay of our juridical system. Previous interpretations which are not in harmony with modern conditions of life should not be woodenly applied merely for the sake of record consistency. The perpetuation of a fiction which has outlived its usefulness, and the adherence to which can only bring about an unjust result, is not required by either law or common sense ”. In the same case, Mr. Justice Shapiro cites the case of Bing v. Thunig (2 N Y 2d 656) in which the Court of Appeals showed its full awareness that decisions that fitted facts and circumstances of the horse and buggy era might not apply in a jet age and if that were the case such decision should be rejected. Again in Woods v. Lancet (303 N. Y. 349, 355) Judge Desmond (now Chief Judge) said: “We act in the finest common-law tradition when we adapt and alter decisional law to produce common-sense justice.”
In the case of Herbert v. Herbert (198 Misc. 515) Mr. Justice I. Monteeiore Levy points out that the question of ordering the father to pay for the expense of a college education is one to be considered by the court in each case. In that case the learned Justice pointed out that to some a college education may be a waste but to others a valuable asset. In that case as here the children were graduated with honors from high school and expressed a desire to continue on to college. Mr. Herbert also had the pecuniary ability to pay for the college expense and if he were at home there probably would be no question of the children going to college. It seems to this court the same set of circumstances apply to the ease at bar. Mr. Justice Levy continues (pp. 517-518): “ Children of broken homes are entitled, from their parents, to even greater consideration than children, fortunately, in happy homes. * * * [W]e live in a sorry world where a college career loses much of its value; still we must not abandon our efforts for a finer race of men and women. We must not merely help the normal, the thoroughbred, too, must be encouraged. Our standards must be preserved and improved if our people are to attain a better life. A college education is not a guarantee for successful achievement. Far from it. Nevertheless, it would greatly enhance the usefulness of these two young ladies to the community, to themselves and to any family that they in turn should be called upon to rear. It is well known there are many avenues and careers in life open only to people with a college degree *955 * * * The necessity for earning a living becomes of great importance even to the wealthiest in this ever-changing world ’ ’.
Finally, President Lyndon Johnson in a speech he made on October 16, 1964, in Florida, said: ‘ ‘ a college education today is a necessity for every American child
From the foregoing, it is clear that this court feels that Michael Weingast, son of the respondent, should attend college and that his father should provide at least part of the expenses toward that education. On September 3,1964 this court received a purported stipulation of settlement in this matter in which the respondent agreed to provide for the college education of his son but that stipulation could not be reduced to an order due to the many indefinite amounts in the stipulation. The court directs that the respondent pay for the support and education of his son Michael, the sum of $40 per week commencing the first full calendar week in September of each year and continuing through the last full calendar week in May of the following year. During the remaining weeks of each year, the respondent shall pay for the support of his son the sum of $25 per week. In addition, respondent shall continue to pay the clothing, medical and dental expenses as he has been doing under the separation agreement. This order is to be paid directly to the petitioner at her present address or whatever other address she shall designate, in writing, and it shall be effective as of January 4, 1965. The boy himself is capable of working during his vacation periods and saving towards his college expenses in addition to his work grant from the university, and the petitioner has shown that she is also capable of helping. There are so many different ways of obtaining money for college expenses today that there should be no great problem to make up any balance not covered by the respondent in this court’s order.