In the Matter of MARTHA HAWLEY, Formerly Known as MARTHA DOUCETTE, Respondent, v. ALBERT J. DOUCETTE, Appellant.— In a support proceed-

---

ing against petitioner's former husband, the appeal, as limited by the notice of appeal and appellant's brief, is from so much of an order of the Family Court, Nassau County, entered February 22, 1973, as, upon petitioner's application to modify upward a support order of said court, (1) directed appellant to pay the college expenses of his daughter Veronica, "plus arrears", and "expenses incurred and expenses to be incurred for the two other children" and (2) denied him the right of consultation "for educational purposes". Order reversed, insofar as appealed from, on the law and the facts, without costs, and proceeding remanded to the Family Court for a hearing and a new determination not inconsistent with the views herein set forth. Petitioner and appellant were married in May, 1952. Three children were born of the union, namely, Veronica (age 20), Dorothy (age 17) and Matthew (age 15). On February 2, 1966 the parties entered into a separation agreement which, *inter alia*, provided that appellant "shall endeavor to furnish a college education for each child, if he is in a financial position to do so at the appropriate time." Thereafter, the separation agreement was incorporated by reference, but not merged, in a Mexican divorce decree. Petitioner, who subsequently remarried, brought the present application (1) for an increase of the support award in the previous Family Court order and (2) to require appellant to pay the costs and expenses of Veronica's college education. Petitioner claimed she had expended certain moneys for Veronica's college education, but that Veronica was forced to discontinue school due to a lack of funds. The Family Court, as previously noted, directed appellant to pay those expenses and "to pay expenses incurred and the expenses to be incurred for the two other children." Although the separation agreement provides that appellant "shall endeavor" to pay the college expenses of the children, that term does not contractually bind him to so provide. The furnishing of a private college education to one's children is not a necessary for which he can be obligated to pay unless "unusual circumstances" warrant such a holding (*Halsted* v. *Halsted*, 228 App. Div. 298, 299). Although the providing of such an education may be considered a moral obligation, a court order making such payments a matter of compulsion is unwarranted (*Dicker* v. *Dicker*, 54 Misc 2d 1089, 1090). A father may, however, by express and enforcible agreement, bind himself to make such payments. But the facts obtaining here do not show such a promise (*Wagner* v. *Wagner*, 51 Misc 2d 574, 576). Likewise, there are no special circumstances contained within this record to justify such a holding. Munder, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.