I-R Equipment Corporation, Appellant, v. Nargi Contracting & Trucking Corp. et al., Respondents.— The respective attorneys for the parties having, on this appeal from an order of the Supreme Court, Westchester County, entered August 28, 1974, settled this action by written stipulation made at a conference in this court on January 9, 1975, providing, *inter alia,* that: (1) respondents pay appellant $10,000 in stated instalments, the last on or before September 9, 1975, and (2) in the event that respondents default in payment, then upon affidavit, the clerk of this court may enter an order reversing the order appealed from upon consent of respondents and reducing the amount of the judgment of the Supreme Court, Westchester County, heretofore entered on April 24, 1973, to $15,000, less all payments made pursuant to said stipulation. In accordance with the stipulation, the appeal shall be deemed withdrawn on October 1, 1975, without costs, unless an affidavit showing default in payment, as above mentioned, is submitted to this court prior to said date. Gulotta, P. J., Hopkins, Martuscello, Latham and Benjamin, JJ., concur.

In the Matter of Muriel Berland, Appellant, v. Stanley Berland, Respondent.— In a proceeding pursuant to section 466 (subd. [c]) of the Family Court Act to modify, with respect to support, a Mexican divorce decree, petitioner appeals from an order of the Family Court, Queens County, dated June 13, 1973, which, *inter alia,* fixed the amount of support and arrears to be paid by respondent. Order modified, on the law and the facts, by adding thereto a provision directing respondent to reimburse petitioner in the amount of $1,050 for her payment toward their son's college tuition, with interest thereon from the dates of her payments. As so modified, order affirmed, without costs. Respondent agreed to pay college expenses and complete support for the son while he was in college. Thus, although petitioner was not entitled to support for the son while he was in college, she was entitled to reimbursement for amounts expended by her for the son's college tuition, the obligation for which had been voluntarily assumed by respondent. The request for reimbursement for medical expenses was advanced for the first time in this court, although respondent had attempted to argue in the Family Court that in fact petitioner owed him money for medical expenditures. If petitioner believes she is entitled to be reimbursed by respondent for medical fees, her remedy, if she be so advised, lies in an application to the Family Court. Martuscello, Acting P. J., Latham, Cohalan, Brennan and Benjamin, JJ., concur.