■ In the Matter of ESTELLE THALER, Respondent-Appellant, v DONALD F. KLEIN, Appellant-Respondent.—In a proceeding pursuant to article 4 of the Family Court Act by the petitioner mother for an upward modification of child support, in which the father cross-petitioned for a downward modification, (1) the father appeals from (a) an order of the Family Court, Nassau County, entered July 27, 1976, and amended by an order of the same court, entered August 5, 1976, which, after a hearing, inter alia, directed him to pay $100 per week for the support of each child attending college, as well as to provide for their college education, and failed to grant his cross petition for a downward modification and (b) a further order of the same court, entered August 20, 1976, which awarded petitioner a counsel fee and (2) petitioner cross-appeals from so much of the order entered July 27, 1976, as amended by the order entered August 5, 1976, as failed to increase the support award for the parties' youngest child. Order entered August 20, 1976, affirmed, without costs or disbursements. Appeals from the order entered July 27, 1976 dismissed as academic, without costs or disbursements. That order was superseded by the amended order entered August 5, 1976. Amended order entered August 5, 1976, modified, on the facts and in the exercise of discretion, (1) by deleting therefrom decretal paragraph "1",

which requires the father to make weekly support payments of $100 for each child attending college, and substituting therefor a provision directing the father to pay the amount of $3,000 per year for each child attending college, namely Geri and Hilary, and (2) by increasing the amount awarded for the youngest child, in decretal paragraph "3", to $4,000 per year. As so modified, amended order affirmed, without costs or disbursements. The father was properly charged with the full costs of a college education for his daughters, Geri and Hilary, amounting to a total sum of over $11,000. It was, however, an abuse of discretion for the court to simultaneously grant an additional 70% increase in the support awards for those girls. Notwithstanding the father's increased income, those girls will reside with petitioner only during school holidays and, perhaps, during all or part of their summer vacations. The increased awards, therefore, primarily benefit petitioner and her present husband rather than the girls themselves. The support award for the youngest child, on the other hand, should have been increased as she remains at home with petitioner. Latham, Acting P. J., Damiani, Hawkins and O'Connor, JJ., concur.