■ Betty Kaplan, Formerly Known as Betty Wallshein, Appellant-Respondent, v Allan Wallshein, Respondent-Appellant.—In a matrimonial action, in which the plaintiff-appellant-respondent wife moved for an up-

ward modification of child support and for attorneys' fees, and the defendant-respondent-appellant husband cross-moved for a downward modification of his child support obligation, the parties cross-appeal from an order of the Supreme Court, Queens County, dated October 22, 1976, which, after a hearing, *inter alia,* directed defendant to pay the college education expenses of the parties' child, made provisions for the payment of child support, and awarded plaintiff a counsel fee of $250. Order modified, on the law and the facts and in the interest of justice, (1) by deleting from the fourth decretal paragraph thereof (a) the figure $96.32 and substituting therefor the figure $96.23 and (b) the words "52 weeks per year" and substituting therefor provisions that the payment of such sum shall be for one year and that the amount shall be modified upward at such time as the scholarship terminates, (2) by deleting from the seventh decretal paragraph thereof the figures $78.86 and $96.32, and substituting therefor the figures $118.98 and $96.23, respectively, (3) by deleting from the eighth decretal paragraph thereof the figures $150.10 and $175.18, and substituting therefor the figures $150.01 and $215.21, respectively, and (4) by increasing the counsel fee award to $1,500. As so modified, order affirmed, with costs to the plaintiff wife. The defendant husband's time to pay the counsel fee is extended until 60 days after entry of the order to be made hereon. The plaintiff and defendant were married on October 18, 1958. Cara, a daughter, born June 9, 1959, is the sole issue of that marriage. On June 14, 1960 the plaintiff was granted, *inter alia,* a separation on the ground of abandonment, custody of Cara, an award of alimony and child support in the amount of $65 per week and a counsel fee of $500. On June 18, 1962 this court modified the judgment to the extent of (1) dismissing the plaintiff's action for a separation, (2) deleting the award of alimony and child support and substituting therefor a provision that defendant pay $40 per week as child support and (3) reducing the counsel fee to $250 (see *Wallshein v Wallshein,* 16 AD2d 967). Shortly thereafter the plaintiff and Cara became residents of Florida, where the plaintiff procured an ex parte divorce. No support provision was contained therein. On February 3, 1975 the Supreme Court, Queens County, *inter alia,* increased the support provision to $125 per week. The plaintiff, by the instant motion, sought a further increment for the inclusion of college expenses. The defendant cross-moved for a reduction of the support award to $50 and he contested any additional award for college expenses. Absent "special circumstances", or a voluntary agreement, the furnishing of a private school college education to one's minor children is not regarded as a necessary expense for which a father can be obligated (see *Matter of Hawley v Doucette,* 43 AD2d 713, 714; *Halsted v Halsted,* 228 App Div 298, 299). The factors relevant to the determination of "special circumstances" are threefold: (1) the educational background of the parents; (2) the child's academic ability; and (3) the father's financial ability to provide the necessary funds *(Matter of Kotkin v Kerner,* 29 AD2d 367; *Zuckerberg v Zuckerberg,* NYLJ, April 28, 1976, p 13, col 4; *Herbert v Herbert,* 198 Misc 515, 517; *Matter of Weingast v Weingast,* 44 Misc 2d 952, 953). The record in this case established such "special circumstances". Both of the parents have college and postgraduate degrees. The mother is a nonpracticing attorney and the father is a practicing dentist and orthodontist. The father stipulated to his ability to finance the daughter's college education at her chosen college, the University of Miami, as well as his ability to pay additional support of $125 per week. Cara is a high performance and achievement oriented student. Her mother testified that Cara was fifth in her class when she graduated from elementary school, was on the dean's list in Junior High

School, attended the Bronx High School of Science, scored in the 96th and 97th percentiles on her mathematics regency examinations and scored in the 97th percentile on her college boards. The annual amount of college expenses, $6,004, was reduced by $1,000 to reflect the scholarship Cara received from the University of Miami, leaving a balance of $5,004. Such reduction should be limited to the duration of the scholarship, one year, and the plaintiff may seek further modification upon the termination of the scholarship. The amount of additional support awarded to Cara during summer recess has been adjusted to reflect the amount intended by Special Term. The calculation made by that court was based upon an erroneous series of figures. Moreover the proration of the college expenses by Special Term was mathematically incorrect. The order has been modified to reflect this error. Further adjustments in the figures contained in the order have been made to correlate the totals in view of the above mathematical correction. Lastly the counsel fee has been increased to $1,500. This is reasonable compensation for the 36 hours of service rendered by counsel. Hopkins, Acting P. J., Margett, Damiani and Rabin, JJ., concur.