■ Elizabeth T. Gamble, Respondent, v Herbert Gamble, Appellant.— In an action in which a judgment of divorce had been granted, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County, entered February 8, 1979, as (1) modified the judgment of divorce by increasing defendant's child support payments from $7.50 per week to $35 per week; and (2) ordered that defendant be further responsible for "one half of all educational and medical expenses which are incurred on behalf of the infant beyond the amounts covered by collateral sources". Order reversed insofar as appealed from, without costs or disbursements, and the matter is remanded to Special Term for a new hearing in accordance herewith: By order to show cause dated November 3, 1978 plaintiff wife sought an upward modification of the alimony and child support provisions in a final judgment of divorce. The judgment had directed defendant to pay plaintiff support in the sum of $27.50 per week in accordance with the terms of their separation agreement, payable as follows: $20 per week as alimony for plaintiff and $7.50 per week for child support. In her order to show cause plaintiff sought an increase in alimony and support to not less than $100 per week. A hearing was ordered on plaintiff's application and it was scheduled for January 16, 1979. On that date defendant appeared without counsel and advised Special Term that his attorney was actually engaged in a jury trial in the Civil Court. It appears that defense counsel had contacted the office of plaintiff's attorney the day before the scheduled hearing to request an adjournment, but the request had been denied. Special Term rejected defendant's excuse, stating that "Civil Court is not a proper excuse" and proceeded with the hearing. Plaintiff was duly represented throughout the hearing and testified as to her salary and living expenses. Defendant was also called to testify, but stated, *inter alia,* that his lawyer had advised against such a course of action without him being present. After the hearing Special Term modified the judgment of divorce by (1) increasing the child support payment from $7.50 to $35 per week; and (2) directing that defendant be further responsible for one half of all educational and medical expenses which were incurred on behalf of the infant beyond the amounts covered by collateral sources. In our view Special Term abused its discretion in denying defendant an adjournment. Although defendant failed to submit an affidavit in compliance with section 795.13 of the rules of the Supreme Court, Queens County (22 NYCRR 795.13), no adjournment had previously been requested in connection with this action and the record does not clearly establish that the defendant's attorney was engaging in dilatory tactics. In the interest of justice a new hearing should be held to enable defendant, with the assistance of counsel, to defend against plaintiff's application for an increase in child support, over and above the amount provided for in the separation agreement. In determining the merits of the plaintiff's application the principles set forth in *Matter of Boden v Boden* (42 NY2d 210) and *Matter of Carter v Carter* (58 AD2d 438) shall apply. In no event, however, should defendant be presently required to pay an additional award of one half of all medical expenses incurred on behalf of the infant beyond amounts covered by collateral sources. Special Term erred, as a matter of law, in directing defendant to pay this additional sum. The original amount of money provided for in the separation agreement for child support necessarily included—and any increase in child support which may be awarded on the remand necessarily will include—all of the obligations of the defendant with respect to the child except extraordinary medical or dental expenses. However, plaintiff never alleged in her papers that the child required

extraordinary medical attention; indeed in her affidavit in support of her application, she alleged that the child was "strong [and] healthy". Accordingly, it was error for Special Term to direct defendant to pay an additional sum for medical expenses over and above the basic figure for support. Finally, it appears that Special Term's directive to the defendant to pay an additional sum for the educational expenses of the 15-year-old child was made in response to plaintiff's allegation in her supporting affidavit that her daughter has "shown great talent in school * * *, that she will eventually be attending College" and that she would not be able to afford "the type of school she [the child] deserves without further financial help" from defendant. It has been held "Absent 'special circumstances', or a voluntary agreement, the furnishing of a private school college education to one's minor children is not regarded as a necessary expense for which a father can be obligated" *(Kaplan v Wallshein,* 57 AD2d 828, 829; see *Matter of Hawley v Doucette,* 43 AD2d 713, 714). There are three factors relevant to the determination of "special circumstances": "(1) the educational background of the parents; (2) the child's academic ability; and (3) the father's financial ability to provide the necessary funds" *(Kaplan v Wallshein, supra,* p 829). Accordingly, unless plaintiff can establish the existence of "special circumstances", or obtain defendant's agreement, it would be improper, under the present state of the law, for Special Term on remand to direct defendant to pay an additional sum for the child's college expenses. Suozzi, J. P., O'Connor, Martuscello and Mangano, JJ., concur.