## C. STEPHEN CONNOLLY, Respondent, v JANET A. CONNOLLY, Appellant.

First Department, November 10, 1981

### APPEARANCES OF COUNSEL

*Franklin S. Bonem* of counsel *(Proskauer Rose Goetz & Mendelsohn,* attorneys), for appellant.

*Peter E. Bronstein* of counsel *(Richard L. Wallace* with him on the brief; *Bronstein, Van Veen & Bronstein, P.C.,* attorneys), for respondent.

### OPINION OF THE COURT

SULLIVAN, J.

Janet A. Connolly appeals from a denial of her motion for an order pursuant to section 240 of the Domestic Relations Law amending a divorce decree to direct her former husband, C. Stephen Connolly, to pay the college expenses of two of their children, or, alternatively, for discovery of the husband's income and assets and an evidentiary hearing to determine his ability to pay.

The parties, married in 1956, sued each other in 1976 for divorce. On the eve of trial they terminated the litigation by oral stipulation of settlement dictated in open court pursuant to which a consent decree was entered on February 8, 1977, granting the wife a divorce and requiring her husband to pay $40,000 per year in support for her and their four children. The decree provided for a reduction of the husband's support obligation as each child became emancipated until, upon the emancipation of the youngest, he would pay $24,000 per year. The oldest child was emancipated in 1978, reducing the husband's support payments to their present level of $37,000 per year.

As reflected by her most recent income tax return, the wife's sole income comes from the support payments and $795 in dividends from General Motors stock which the husband, some years earlier, had pledged as collateral for a personal loan. She has no other sources of income. An itemized schedule shows annual expenses of $37,356 for the wife and children. The monthly rental on their east side Manhattan apartment alone is $1,150.

Both the husband, a physician who attended medical school at Cornell University, and his wife received private secondary and college educations. All four children have attended private schools continuously from the age of three. The oldest, Cindy, now 23, is a graduate of Skidmore. Her college education was made possible through the generosity of the wife's father who, for the most part, underwrote the costs. The cost of the four children's private schooling was paid by the wife and her father, and in part, from a trust fund established by a former patient of the husband. The tuition withdrawals from the trust fund were with the husband's consent.

When the oldest son, Stephen, 19 years of age at the time of the wife's application, was in the 12th grade at The Trinity School his father encouraged him to apply to a number of private colleges and arranged an interview for him at Holy Cross College. Ultimately he was accepted at the University of Rochester. The husband paid $5,500 towards Stephen's first-year college expenses in 1979-1980 and Stephen took out a $2,500 loan to pay the balance. In his second year, however, after paying $2,500, the husband

refused to make any further payments. Stephen took out another $2,500 loan and contributed $300 from his summer earnings, leaving a balance of $2,600, which is currently overdue.

The second oldest son, Daniel, 17 years of age at the time of the application, was an honor student at The Browning School from which he was about to graduate. The father has encouraged him to apply to private colleges, including Georgetown, Hamilton, Holy Cross, Bates and Rochester. Finances permitting, he had planned to attend Hamilton. The wife alleges that because of the husband's income neither boy is eligible for a scholarship.

The husband, self-employed and specializing in internal medicine, with offices at 311 East 79th Street in Manhattan, claimed an annual income of $62,000 at the time the matrimonial action was settled. His gross income was then over $150,000. He subsequently moved to a larger office at his present address. Although his 1980 or current income is not disclosed, he states that he had an income of $83,917 in 1979.

Against this background and stressing the current rampant double-digit inflation and her inability to pay any part of the children's college costs, the wife, on March 6, 1981, moved at Special Term to compel the husband to pay the college expenses of Stephen and Daniel. In denying her application, Special Term found an absence of special circumstances which would warrant requiring the husband to furnish private college education to his children. We disagree.

At the outset, we reject the husband's contention that the wife waived her right to seek payment of college expenses from him. In support of his position, the husband relies upon the stipulation of settlement wherein the attorneys for the respective parties stated as follows:

"[Husband's attorney]: Insofar as the parties agree that the children should thereafter attend college, they will endeavor to make such arrangements as they feel appropriate at such time to cover the costs of such education.

"[Wife's attorney]: And neither [the wife] nor the [husband] is bound in any way to be financially responsible for such education."

We do not read the stipulation as a waiver of the wife's right to seek payment of college expenses but, rather, as contemplating the need for relief at some future time. In any event, the stipulation of settlement expressly provided that the agreement "shall be merged in any judgment or decree of divorce to be entered herein and shall not survive as an agreement between the parties." Thus, even assuming, *arguendo,* that the husband's interpretation that the wife waived her rights is correct, the agreement lost all effect by its merger without survival into the judgment. *(Jaeckel v Jaeckel,* 179 Misc 994, 997.) Consequently, we are not asked to disturb a negotiated settlement but, rather, to consider whether the support provisions of the judgment are adequate in light of the children's current needs.

The case of *Wlodarek v Wlodarek* (78 AD2d 981) is directly on point, except that there the stipulation did not contain the merger clause present here. Yet, the court held that the alimony and support provisions of a judgment based, not upon a prior general separation agreement, but upon the oral stipulation of opposing counsel at the time of the divorce trial, without provision against merger, are not subject to the rule of *Matter of Boden v Boden* (42 NY2d 210, 213) that only an "unanticipated and unreasonable change in circumstances" justifies modification of agreed provisions for child support.

The provision of the judgment pertinent to the children's education reads as follows: "The children shall receive private school educations through the twelfth grade, without liability to [the husband] for the expenses therefor. Insofar as [the husband and wife] shall agree that the children should attend college, [the husband and wife] shall endeavor to make such arrangements to cover the expenses of college education as they shall consider appropriate at that time. Neither [the husband nor wife] is bound by this Judgment to pay the costs of college or postgraduate education for the children or any of them."

A fair interpretation of the stipulation and judgment, taken together, is that the stipulation did not bind either party to pay college expenses; that the stipulation would cease to have effect on entry of the judgment; and the

provision in the judgment that neither party was bound *"by this judgment"* to pay college expenses implicitly confirmed that either party might later seek an order compelling payment.* (Emphasis added.) Thus, the parties left the college expense issue open pending future developments.

"Absent unusual circumstances * * * or voluntary agreement, the furnishing of a private college education to one's children is not within the purview of necessities for which a father can be obligated." *(Tannenbaum v Tannenbaum,* 50 AD2d 539-540, citing *Matter of Berland v Berland,* 47 AD2d 540; *Matter of Hawley v Doucette,* 43 AD2d 713, 714.) In affirming a directive that the father pay the college expenses of his minor child, the Appellate Division, Second Department, set forth three relevant considerations in determining whether special circumstances exist:

"(1) the educational background of the parents;

"(2) the child's academic ability; and

"(3) the father's financial ability to provide the necessary funds." *(Kaplan v Wallshein,* 57 AD2d 828, 829.)

In the circumstances presented here, we find that the required showing has been made for at least two of these considerations. Both parents attended private schools and college. Both Stephen and Daniel are good students; in fact, Daniel is an honor student. Only the husband's financial wherewithal is in doubt since the record does not disclose his current financial status.

Since their nursery school days the superiority of a private school education has been ingrained in the children by their father. Indeed, his concern that they receive "a superior, private education" has been described as "a consuming passion". His youngest child, now 13 years of age, attends St. David's School. When his daughter Cindy was a student at Marymount in Manhattan he served as president of the board of trustees. Given his background and station in life such an interest in his children's education is

---

* This interpretation is further supported by the contrast with the provision in the same paragraph relating to private school education through the 12th grade which was to be furnished to the children "without liability to [the husband] for the expenses therefor", a clear expression that the husband was not liable for a particular element of child support. No such intention is manifest as to college costs because the parties provided merely that the *judgment* would impose no such liability.

not surprising. Having raised his children in the private school tradition, he should not be permitted, in the absence of financial inability, to avoid his responsibility of providing them with a private college education.

In *Matter of Kotkin v Kerner* (29 AD2d 367) this court, noting Family Court's finding that removal of the child from private school would not be in his best interests, affirmed its direction that a father pay part of the costs of his son's private schooling where the child had a good academic record and, as here, had been attending private schools since the age of three. In appropriate circumstances other courts have not hesitated to direct a parent to pay private school or college expenses. (See *Frankel v Frankel,* 82 AD2d 796; *Weseley v Weseley,* 58 AD2d 829; *Matter of Thaler v Klein,* 55 AD2d 606; *Matter of Weymann v Weymann,* 51 AD2d 768; *Hahn v Hahn,* 40 AD2d 624, 625.)

The husband does not dispute the existence of special circumstances. Indeed, in arguing that "the current law requires that the court apportion the responsibility for the support of the children between the mother and the father", he, in effect, concedes an obligation to pay. What he seeks is apportionment of the costs. He maintains that his wife is capable of gainful employment, that the children through part-time employment should contribute $2,000 a year to defray their college expenses, and that his wife, as well as the children, regularly receive cash gifts from the wife's father which should be applied toward the children's education. While, consistent with present constitutional standards, both parents are now under an equal obligation to provide support according to their respective means (Family Ct Act, § 413, L 1980, ch 281, § 28, eff July 19, 1980), neither the gifts from the father-in-law nor the children's own assets "diminish the parental duty of support". (See *Gold v Gold,* 96 Misc 2d 481, 483, and cases cited therein.) Since this matter must be remanded to allow for discovery of the husband's current income and assets (Domestic Relations Law, § 236) and for an evidentiary hearing, if necessary, as to the husband's ability to pay, other considerations, such as the wife's ability to contribute, may be explored.

Accordingly, the order, Supreme Court, New York County (GOMEZ, J.), entered May 28, 1981, denying defendant's motion for, *inter alia,* an order amending the judgment of divorce, should be reversed, on the law and the facts, without costs or disbursements, and the motion granted to the extent of remanding the matter for discovery of plaintiff's income and assets and an evidentiary hearing, if necessary, to determine whether plaintiff should pay the expenses of the college education of his sons, Stephen and Daniel.

KUPFERMAN, J. (dissenting). I would affirm.

The majority opinion well analyzes the facts and the law but still misses the point.

There is no denying that the husband has sufficient income and assets in order to contribute to college educations. In fact, he concedes he is prepared to contribute.

The case cited in the majority opinion, as affirming a direction that a father pay part of the costs of a son's private schooling, *Matter of Kotkin v Kerner* (29 AD2d 367), is interesting because it is made clear therein that the student was to graduate the following year and that the holding directed payment of "current tuition".

It is easily seen from the reading of the stipulation and the judgment in this matter that the husband was not to pay for private schooling through the 12th grade and, thereafter, it was a matter of mutual agreement. The husband has agreed to make a contribution toward a college education, but the wife and the majority opinion seem to indicate that the responsibility can be solely that of the husband. This is not what the parties contemplated.

CARRO and LUPIANO, JJ., concur with SULLIVAN, J.; MURPHY, P. J., and KUPFERMAN, J., dissent in an opinion by KUPFERMAN, J.

Order, Supreme Court, New York County, entered May 28, 1981, reversed, on the law and the facts, without costs and without disbursements, and the motion granted to the extent of remanding the matter for discovery of plaintiff's income and assets and an evidentiary hearing, if neces-

sary, to determine whether plaintiff should pay the expenses of the college education of his sons, Stephen and Daniel.