OPINION OF THE COURT
Dan Lamont, J.
Petitioner mother brings this proceeding for child support seeking $70 a week from respondent father for the support of their 19-year-old son who is attending his second year of college.
The hearing was conducted on October 18, 1982. Petitioner, respondent, and 19-year-old David M. testified. The facts are not in dispute.
FINDINGS OF FACT
The parties married on June 20, 1959. They have two sons — Robert (now over 21) and David (born Dec. 11, 1962). Both young men presently attend college at R.I.T. in Rochester, New York.
The parties have entered into a comprehensive written separation agreement dated July 7, 1981. The agreement provides for equitable distribution of marital property, contains a waiver of maintenance by petitioner, and provides for child support payments by respondent of $70 *143 weekly for David beyond his 21st birthday until June 1, 1986, so long as he is a full-time college student. Since the boys are both over 18, the separation agreement contains no provisions for custody or visitation. No divorce action has been commenced by either party.
Petitioner is a college graduate earning nearly $15,000 a year as a school teacher. She has a $13,000 savings account — accumulated from her earnings during the marriage for the boys’ college educations — which account now earns $2,200 yearly interest. She has been paying the college expenses for both boys. Pursuant to the separation agreement, she now owns the former marital residence and most furnishings. She has not discouraged David from visiting his father.
Respondent is a high school graduate earning $12,480 a year as a retail store salesperson. He has no savings, but receives a $121.33 monthly payment on a second mortgage. Pursuant to the separation agreement, he retains title to a camp on Sacandaga Reservoir. He has a relationship with another woman, whom he sees every day. His son David has refused to visit him or communicate with him since last Christmas. He stopped paying any child support in August, 1982, because David would not visit him or have anything to do with him whatsoever.
David attends R.I.T., where his yearly expenses are $8,508 for tuition, room, board, books and fees. He is upset because his father is seeing another woman, and has lost respect for him. He will not communicate with or visit his father if he is still seeing the other woman.
THE ISSUES
The questions presented are: (1) the extent of Family Court jurisdiction to order child support for a 19-year-old college student when there is a separation agreement between the parties; (2) the obligation, if any, of respondent father to pay child support for college expenses under article 4 of the Family Court Act; and (3) the effect upon the obligation to pay child support of a 19-year-old college student’s refusal to visit or communicate with his father.
*144 THE LAW
(1) Jurisdiction:
Subdivision (a) of section 461 of the Family Court Act provides, in part, as follows: “A separation agreement * * * does not eliminate or diminish either parent’s duty to support a child of the marriage under section four hundred thirteen of this article. In the absence of an order of the supreme court or another court of competent jurisdiction requiring support of the child, the family court may entertain a petition and make an order for its support.”
The child is not bound by the terms of the separation agreement, and a Family Court proceeding for child support may be commenced against the father despite the existence of the agreement. (Boden v Boden, 42 NY2d 210, 212; see Family Ct Act, § 413; Backstatter v Backstatter, 66 Misc 2d 331.)
The terms of a separation agreement are not enforceable in Family Court, nor is the Family Court constrained by the terms of the separation agreement. The Family Court must look at the facts and circumstances of each case individually and determine the amount of support necessary (Boden v Boden, supra, p 212; see Family Ct Act, § 413).
Accordingly, this court has no jurisdiction to specifically enforce the terms of a separation agreement (see Matter of Larney v Brown, 70 Misc 2d 546); however, the existence of the separation agreement does not preclude this court from entertaining a petition and making an order for child support under section 413 of the Family Court Act.
(2) Obligation for college expenses:
Section 413 of the Family Court Act provides as follows: “The parents of a child under the age of twenty-one years are chargeable with the support of such child and, if possessed of sufficient means or able to earn such means, may be required to pay for such child’s support a fair and reasonable sum according to their respective means, as the court may determine and apportion.”
New York cases are in agreement that liability for college expenses may not be imposed upon a minor’s parent or parents in the absence of an agreement or special *145 circumstances (Kaplan v Wallshein, 57 AD2d 828; Foster-Freed: 2 Law and the Family, § 23:11, 1982 Cumulative Supp, p 232). The factors bearing upon a determination of “special circumstances” include: “(1) the educational background of the parents; (2) the child’s academic ability; and (3) the father’s financial ability to provide the necessary funds”. (Kaplan v Wallshein, supra, p 829; see,' also, Gamble v Gamble, 71 AD2d 649.)
Under the facts and circumstances in this case, a high school graduate father earning $188 a week net as a salaried storekeeper should not be required, pursuant to section 413 of the Family Court Act, to furnish a college education to his 19-year-old son on the basis of “special circumstances”. The only ground or basis for requiring this respondent to pay college expenses is the separation agreement between the parties — which this court cannot specifically enforce.
The separation agreement, then, is merely one of the facts and circumstances which can be considered by this court in determining the amount of child support, if any, which is fair, reasonable, necessary and appropriate. In this connection, it should be noted that as a general proposition, children from intact families of fairly modest means are generally in no position to compel their parents to send them to college or support them in college.
(3) Refusal to visit:
A father’s right to see his children is directly tied to his obligation to pay support, and a wrongful deprivation of visitation and communication justifies a suspension of child support payments. (See Feuer v Feuer, 50 AD2d 772; Abraham v Abraham, 44 AD2d 675; Matter of Sandra B. v Charles B., 85 Misc 2d 633.)
Here, the petitioner mother has not discouraged visitation and communication. However, her 19-year-old son refuses to visit with, communicate with, or have anything at all to do with his father, for whom he has lost respect because he has a relationship with a woman.
The Court of Appeals has held that a father providing maintenance and support for a 20-year-old college student may establish and impose reasonable regulations for his *146 child, and the child’s failure to comply may create a forfeiture of her right to support. (Roe v Doe, 29 NY2d 188.)
In this court’s view, the unjustified refusal of a 19-year-old college student to visit, call, write, or even see his father should likewise create a forfeiture of his right to child support under article 4 of the Family Court Act. Judge Ribaudo said in one of the very few similar cases found by this court: “This sad turn of events reminds the court of the comment of * * * Oscar Wilde who wrote that ‘children begin by loving their parents, and as they grow older they judge them * * *’ The Picture of Dorian Gray, 1891).” (Oppenheimer v Oppenheimer, NYLJ, Jan. 29, 1974, p 15, cols 1, 2.)
Although Judge Ribaudo reached the opposite result in Civil Court — saying that the child has not yet found it within herself to forgive her father — this court nonetheless holds that this respondent father of limited means should not be required to support his college-age son who refuses to have anything at all to do with him for reasons which this court finds are unreasonable, arbitrary, and capricious (see Roe v Doe, supra). The Third Department case of Matter of Buehler v Buehler (73 AD2d 716) is distinguishable because the father therein could well afford to pay support and had consented to a prior Family Court order which ordered him to support his daughter while in college, without raising the defense of lack of visitation until a violation proceeding was brought against him.
CONCLUSION
This court finds no special circumstances which would obligate respondent father under section 413 of the Family Court Act to furnish a college education to his 19-year-old son, and also finds an unjustified and arbitrary refusal by the 19-year-old son to have anything to do with his father. Accordingly, the petition for child support under article 4 of the Family Court Act is dismissed.
Such dismissal is without prejudice to petitioner mother’s right to seek specific performance of the separation agreement in the appropriate forum. Apart from the separation agreement, there is simply no basis for an order for *147 child support under article 4 of the Family Court Act, particularly when coupled with an unjustified refusal to visit. The $70 a week payment is a purely contractual financial matter between the mother and the father, which this court has no jurisdiction to enforce.