■ HERBERT M. CANTER, Appellant, v LENORE E. CANTER, Respondent. — Order reversed, with costs, and summary judgment granted, in accordance with memorandum. All concur, Simons, J. P., not participating. Memorandum: Plaintiff and defendant were married on August 14, 1955 and had three children. On May 25, 1972 they entered into a separation agreement and were later divorced. The separation agreement was incorporated in the decree but did not merge with it. Subsequently, a dispute arose as to the support payments due for the last unemancipated child as provided in paragraph 8 (cl [g], subpar [3]) of the original separation agreement which provided in part: "(3) The payments by the Husband for the college or business school education of each of the children shall be in lieu of all support payments provided for hereinabove." The provision was modified by an agreement executed February 22, 1979, approved by an order modifying the judgment November 1, 1979. The dispute centers around the meaning of the modification. The disputed provision in the 1979 agreement, clause (c) of paragraph 3 provides: " '(c) Notwithstanding the provisions of Sub-Paragraph "(g)(3)" of this Paragraph "8" [above] such payments [child support] shall also continue unabated until the said Nina Marya Canter has completed four (4) years of college, provided she continues to maintain her full time residence with the Wife during said period.' " Paragraph 4 of the modified agreement provided that: "In all other respects the terms and provisions of said Separation Agreement of May 25, 1972 shall continue in full force and effect and said Separation Agreement and the within modification thereto shall be read, construed and interpreted as an integrated whole." Plaintiff brought this action seeking a declaratory judgment determining the meaning of clause (c) of paragraph 3 of the modified agreement. After service of defendant's answer, he moved for summary judgment, contending that pursuant to the modified agreement he is not obligated to continue child support payments once his daughter is in residence at an out-of-town college, as she plans to do, since he will be assuming all financial responsibility for her education. Defendant contends that since she will be maintaining a permanent residence for Nina while she attends college, plaintiff also is obligated to continue all support payments. The court found there were questions of fact for trial and denied plaintiff's motion for summary judgment. The issue is what the parties intended at the time they executed the modification as evidenced by the language they used (*Hartford Acc. & Ind. Co. v Wesolowski,* 33 NY2d 169, 171; *Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68, 77). The language, "full time residence", is ambiguous and is susceptible of either interpretation offered by the parties. Thus, since intent cannot be ascertained from the document itself, extrinsic evidence may be considered to aid in resolving the ambiguity (*Matter of Surrey Strathmore Corp. v Dollar Sav. Bank of N. Y.,* 36 NY2d 173, 177; *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 288; *Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68, *supra*). The correspondence between the parties prior to execution of the modification agreement supports plaintiff's claim that the parties agreed to his interpretation of the provision when they executed it. Plaintiff stated repeatedly that he proposed the cessation of

support payments once Nina entered college unless she was living in her mother's home at the time. Defendant, apparently realizing that she would not be able to maintain her apartment without the support payments for Nina, first refused to accept this modification, she requesting that the proposal be extended until her lease expired and then, later, requesting a provision which would provide that the payments continue as long as she maintained a residence for Nina. These alternatives were rejected by plaintiff before the parties executed the modified agreement. He consistently maintained that he stood firm on his original proposal. Defendant, in her affidavit in response to plaintiff's motion, urged that since the modifying provision is ambiguous a trial is necessary to determine what the parties intended "full time residence" to mean. However, to defeat a motion for summary judgment, it is not sufficient that defendant establish that the agreement is ambiguous, permitting the consideration of extrinsic proof; she must disclose in evidentiary form the extrinsic proof upon which she relies (*Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 288, *supra*). Defendant offered none except self-serving and conclusory statements as to what interpretation she would give the words and the meaning which she intended those words to have. Accordingly, her answering papers are insufficient to defeat the motion (see *Sutton v East Riv. Sav. Bank,* 55 NY2d 550; *Rotuba Extruders v Ceppos,* 46 NY2d 223). The uncontradicted extrinsic proof in the record establishes that plaintiff consistently intended the interpretation he now offers; that defendant was aware of the meaning plaintiff ascribed to the language in the provision and that defendant, having sought an extension of the proposal and then a modification of it, finally agreed to it. She may not now be permitted to urge an interpretation of the modification identical to her earlier proposal which was rejected by the plaintiff. (Appeal from order of Supreme Court, Onondaga County, O'Donnell, J. — declaratory judgment.) Present — Simons, J. P., Hancock, Jr., Callahan, Moule and Schnepp, JJ.