OPINION OF THE COURT
Francis A. Affronti, J.
The petition seeks enforcement of a 1978 New York State Supreme Court, County of Monroe, decree of divorce, which incorporated, but did not merge the terms and provisions of a 1976 separation agreement entered into by and between the parties. Specifically, the petitioner alleges that the respondent has failed and refuses to pay the “full tuition cost” for a child of the parties, Paige Pieters, who is currently attending college, in violation of the following provision in the separation agreement: “The husband agrees to pay the cost of college tuition for Paige * * * to the extent he is able at that time”.
The respondent alleges that such provision does not create a legally binding or enforceable obligation, and also, that he has fully complied with his obligations pursuant to the written agreement and the judgment of divorce, and has substantially exceeded his financial obligations on behalf of his children. Further, he acknowledges that he has paid sums of money toward his daughter’s college tuition while she currently attends a private college. Since September, 1983, he has paid more than $2,000 for her college tuition and expenses in addition to his regular child *352 support payments and other voluntary payments made on his children’s behalf.
The petitioner does not dispute respondent’s payments but states that based upon prior payments and voluntary contributions he clearly demonstrates an ability to pay additional sums toward their child’s full college tuition.
The issue to be decided is whether the afore-mentioned provision requiring the payment of college tuition, agreed upon between the parties in a separation agreement and incorporated in their decree of divorce and not merged therein, is legally binding and enforceable.
This court concludes that such provision is binding upon the respondent and subject to enforcement, in accordance with applicable existing law.
Respondent argues that the disputed provision does not legally obligate him to pay for his child’s college tuition because it is not within the purview of “necessaries” for which a father can be obligated, referring the court to the case of Matter of Hawley v Doucette (43 AD2d 713). However, Hawley is inapplicable to the case at bar, and, therefore, not dispositive of this issue. In Hawley, the language in the parties’ agreement stated that the father “‘shall endeavor’” (p 714; emphasis added) to pay the college expenses of his children, and the court held that such term does not contractually bind him to so provide. However, of primary significance, the court in Hawley went on to further state that a father may, by “express and enforceable agreement, bind himself to make such payments” (p 714; emphasis added). The facts as outlined in Hawley did not show such a “promise” (citing Wagner v Wagner, 51 Misc 2d 574). Unlike Hawley (supra), the provision in the instant proceeding includes the words “agrees to pay” rather than “shall endeavor” which, in the court’s opinion, results in an affirmative, unequivocal, knowing, and unambiguous commitment. Significantly, and essential to note at this juncture, the respondent has, in the past and he continues at the present time, to make financial contribution toward his daughter’s college tuition, thereby affirming a knowing willingness and acquiescence in his financial obligation pursuant to the parties' agreement and understanding.
*353 It is clearly the present law of this jurisdiction that “absent special circumstances” or a “voluntary agreement”, the furnishing of a private school college education to a minor child is not regarded as a necessary for which a father can be obligated. (See Kaplan v Wallshein, 57 AD2d 828; Connolly v Connolly, 83 AD2d 136; Gamble v Gamble, 71 AD2d 649; Koren v Koren, 70 AD2d 950; Roome v Roome, 87 AD2d 798.)
In Gamble (supra), the court held that unless there was established the existence of “ ‘special circumstances’ ” or the “[AJgreement” (p 650; emphasis added) of the defendant, it would be improper to direct the payment of the child’s college expenses.
In Roome (supra), affirmed by the Appellate Division, First Department, the court held, in essence, that a careful reading of the parties’ written stipulation of settlement shows that the father never agreed to undertake payments of college tuition.
Such is not the interpretation which this court gives to the words of the parties’ agreement in the case at bar. On the contrary, a clear reading and interpretation of the words “husband agrees to pay the cost of college tuition” leaves little to the imagination and true intent of the parties, at the time the agreement was entered into, and the respondent’s legal obligation appear blatant.
In Matter of Harp v McCann (97 AD2d 868), the court enforced a father’s obligation to pay one half of his son’s college tuition, which he originally agreed to pay pursuant to a separation agreement, later incorporated into the parties’ decree of divorce. The agreement to pay college tuition was in addition to the father’s regular support payments. In enforcing the terms therein, as in the instant proceeding, the court stated that by entering the agreement, the father “effectively consented to having the cost of a college education considered as a part of his support obligation” (p 869; see, also, the 1983 cases of Lennard v Lennard, 97 AD2d 713; McNeil v McNeil, 97 AD2d 961).
A voluntary separation agreement having been entered into by and between the parties, there is no need for this court to consider the issue of “special circumstances”.
*354 The court, therefore, finds the afore-mentioned provision is binding and enforceable upon the respondent herein.
Based upon the above findings of fact and conclusions of law, it is hereby ordered that petitioner’s application shall be referred to the hearing examiner of this court scheduled April 13, 1984, at 9:00 a.m., to determine the respondent’s ability to pay to the “extent he is able”, and it is further ordered that petitioner’s application for counsel fees is also referred to the hearing examiner for determination on the same date and time noted above.