Nancy Jane STEVENS (Now Herran), Appellant,

v.

Thomas STEVENS, Appellee.

and

Nancy Jane HERRAN (Formerly Stevens), Appellant,

v.

Thomas STEVENS, Appellee.

Court of Appeals of Kentucky.

May 15, 1987.

James U. Glanville, Paducah, for appellant.

Sidney H. Hulette, Morganfield, for appellee.

Before COOPER, DYCHE and REYNOLDS, JJ.

COOPER, Judge.

These are consolidated appeals from separate orders of the trial court relieving the

appellee/respondent, Thomas Stevens, from any obligation to pay either past due child support in the amount of $825.00 or future child support until further orders of the trial court. On appeal, the single issue is whether the trial court erred, as a matter of law, in so ruling. Reviewing the record below and the issue framed by the parties, we reverse and remand.

The substantive facts giving rise to this appeal are as follows: In November of 1975, the trial court entered an order dissolving the marriage between the appellant, Nancy Jane Stevens (now Herran) and the appellee. As part of such decree, the appellant was awarded custody of the parties' infant child, then age two. Accordingly, the appellee was ordered to pay child support in the amount of $150.00 per month. From the entry of the divorce decree until October of 1985, numerous motions were filed by both parties with respect to both increasing and decreasing child support, as well as specifying times for visitation by the appellee. In October of 1985, the trial court increased the amount of child support to $275.00 per month.

Subsequent to that order, the appellant initiated contempt proceedings against the appellee alleging that he was behind in child support in the amount of $825.00. Nearly simultaneously with the appellant's filing of this motion, the appellee filed a motion seeking to hold the appellant in contempt for her failure to encourage and make available the parties' infant child for visitation. Additionally, he requested "that he be absolved from any responsibility for paying child support" and that he desired to waive "any and all parental rights, duties and obligations."

On March 12, 1986, the trial court entered an order ruling that neither of the parties was in contempt of court and that the appellee was not in arrears in the amount of $825.00 because "Petitioner has failed to make available the parties' infant child for visitation." In a second order dated on May 30, 1986, entered subsequent to a hearing, the trial court issued an order relieving the appellee of paying "all past and future child support until further Orders of the Court." It is from such orders that the appellant now appeals.

Essentially, the appellant argues that the trial court erred, as a matter of law, in not enforcing the appellee's child support obligation with respect to both past due and owing child support, as well as future child support. Specifically, she argues that the right to a past due child support payment is a vested right, and the trial court has no power to divest her of it. *See Whitby v. Whitby*, 306 Ky. 355, 208 S.W.2d 68 (1948); *Spencer v. Spencer*, Ky., 312 S.W.2d 360 (1958). Stated differently, she argues that such a past due support obligation constitutes a fixed and liquidated debt in her favor which the trial court has no authority to alter. *See Spencer, supra.* We agree. Consequently, we hold that the trial court erred in relieving the appellee of his obligation to pay past due and owing child support.

KRS 403.240 states as follows:

If a party fails to comply with a provision of a decree or temporary order or injunction, the obligation of the other party to make payments for support or maintenance or to permit visitation is not suspended; but he may move the court to grant an appropriate order.

KRS 403.240 codifies the common law position that a failure of one party in a divorce action to fulfill his obligation does not relieve the other party of his obligation with respect to either child support or visitation rights. Consequently, although the trial court apparently found that the appellee's failure to pay child support resulted from his frustration in not being able to visit his minor child, the statute is clear that he cannot be relieved of his primary obligation to pay child support notwithstanding any failure on the part of the appellant or the minor child herself to comply with the visitation orders entered by the trial court. The appellee's proper remedy is to pay the child support in question and to move the trial court to hold the appellant in contempt for her failure to permit him his visitation rights.

Although courts in other jurisdictions have ruled that an obligation to pay child support *can* be suspended as a result of a failure of either the custodial parent or the child itself to comply with the trial court's visitation orders, the law in this jurisdiction is otherwise, as evidenced by KRS 403.240. *See Barbara M. v. Harry M.*, 117 Misc.2d 142, 458 N.Y.S.2d 136 (N.Y.Fam.Ct.1982). See also, Ann. "What Voluntary Acts of Child, Other Than Marriage or Entry Into Military Service, Terminate Parent's Obligation to Support," 32 A.L.R.3d 1055 (1970). Obviously, the public policy behind the statute is to insure that the child in question is adequately supported. Stated differently, the best interest of the child is not to be sacrificed as a result of contemptuous action on the part of the custodial parent. In his *Kentucky Family Law,* (1969), Professor Petrilli, in Section 27.5 states as follows:

> A father may feel that if his visitation privileges are seriously curtailed or effectively ended his support obligation terminates. It does not.

Here, the appellee alleges that he agreed to an increase in child support—as set forth in the order of October 28, 1985—only in the belief that he would be granted visitation rights with his daughter and that she would visit with him. Consequently, he argues that any *future* child support payments should be conditioned upon his right of visitation being respected. Notwithstanding such argument, KRS 403.210, which delineates the factors to be considered in entering an order for child support, does not list the right of visitation of the noncustodial parent as a factor to be considered. Rather, the factors include the financial resources of the child as well as the financial resources of the custodial and noncustodial parent; the standard of living the child would have enjoyed had the marriage not been dissolved; and the physical and emotional condition of the child and his/her educational needs. In effect, a court is to look to the best interests of the child.

Consequently, the trial court may modify the future support obligation of the appellee only by looking at the factors set forth in KRS 403.210, as well as the factors set forth in KRS 403.250. The latter statute states that modifying the support provision within a divorce decree may occur only upon a showing of "changed circumstances so substantial and continuing as to make the terms unconscionable." Consequently, given the language of the statute, the appellee's only remedy in seeking to force either the appellant—or the minor child herself—to comply with the visitation schedule set forth in the trial court's order is to seek an order holding either or both in contempt of court. We question whether the child's refusal to see her father could be construed as a "changed circumstance so substantial and continuing" as to make the terms of the child support order unconscionable. For the trial court is under an obligation to look to the needs of the child involved, notwithstanding her actions in refusing to visit with her father if the evidence establishes such fact.

The order of the trial court is reversed with directions that the trial court enter an order requiring the appellee to pay all past due and owing child support. The appellee may petition the trial court for an order modifying or reducing the amount of child support payable in the future if the provisions of KRS 403.250 are satisfied.

Further, pursuant to 2.(a) of the Order designating the case as a Special Appeal, the application of CR 76.20 and CR 76.32, as well as other appropriate Rules of Civil Procedure pertaining to further appellate steps, are reinstated effective the date of this opinion.

All concur.