■ In the Matter of THELMA PORCELAIN, Respondent, v HARVEY PORCELAIN, Appellant.—In a proceeding pursuant to Family Court Act article 4, the appeal is from an order of the Family Court, Nassau County (Moody, H.E.), dated May 2, 1986, which (1) directed the appellant to pay $75 per week in child support for his daughter, (2) increased his obligation to pay child support for his son from $50 per week to $75 per week, (3) ordered him to pay $2,638.73 for medical expenses and insurance, and (4) directed him to pay $2,000 toward the petitioner's counsel fees. The petitioner's objections to that order were overruled in an order of the same court (Cohen, J.), entered November 26, 1986.

Ordered that the order is modified, by reducing the amount the appellant is required to pay for medical expenses and insurance from $2,638.73 to $263.52; as so modified, the order is affirmed, without costs or disbursements.

We concur with the determination of the Family Court that in view of the substantial change in the son's circumstances, an upward modification of the child support award was warranted in order to insure adequate support for him (see, Matter of Michaels v Michaels, 56 NY2d 924; Matter of Brescia v Fitts, 56 NY2d 132, on remand 89 AD2d 894; Matter of Rubinstein v Bates, 128 AD2d 536, 537). We likewise perceive no basis to disturb the provision directing the appellant to pay child support for his daughter while she is in college. The parties' separation agreement provided that the appellant was to be relieved from paying such support only in the event he paid the full costs of his daughter's college education, which is not the situation here (cf., Canter v Canter, 91 AD2d 1180; Matter of Thaler v Klein, 55 AD2d 606, 607). Furthermore, the record supports the Hearing Examiner's determination that the appellant's claimed unemployment and poverty was contrived and that he was guilty of economic

fault *(see, Hickland v Hickland,* 39 NY2d 1, *cert denied* 429 US 941; *Griffin v Griffin,* 115 AD2d 587). We also find that the award of counsel fees was proper inasmuch as it was supported by documentation of counsel and by the relative financial circumstances of the parties *(see, Silver v Silver,* 63 AD2d 1017).

However, we find that the award of $2,638.73 in medical expenses and insurance premiums was improper. Under the express terms of a 1978 stipulation between the parties, the appellant was obligated only to maintain hospitalization coverage for the children. He was not required to maintain major medical coverage for them or to reimburse the petitioner for medical expenses incurred. Accordingly, the petitioner is entitled to only the $263.52 she expended on hospitalization coverage.

We have examined the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Brown, Weinstein and Rubin, JJ., concur.